WOODS *et al.*, executrixes, *vs.* McCALL.

1. Though a cotton screw may have been a chattel attached to the realty, yet if it was detached and carried away, an action of trover would lie; and the fact that it was re-attached to the realty on another place, did not defeat the right to bring trover therefor.

2. In a trover case the plaintiff may recover damages alone or the property and its hire, if any.

Trover. Actions. Damages. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1880.

McCall brought trover against Dykes for a cotton screw. Defendant died, and his executrixes were made parties. On the trial it appeared that plaintiff's son bought the screw, and had it put up on certain land held by him; that it was erected as a fixture; that plaintiff had bought the land with the screw on it; that Dykes had carried it away taking down the iron portions. Value for hire was also proved, and refusal to deliver. Defendant moved for a non-suit, on the ground that trover would not lie for the screw. The motion was overruled.

Defendants showed that their testator had bought the screw *bona fide* at a constable's sale, though in fact the process under which the sale took place was void; that he had the screw taken down, carried over to his plantation, and again erected as a fixture.

The court charged that " an iron screw affixed to the soil, when detached, becomes personalty, and trover will lie for its recovery, even though removed and fixed again permanently on the soil before action is brought," and refused to charge the contrary.

The court also charged that if plaintiff was entitled to recover, the measure of his damages would be the value of the screw with reasonable hire.

The plaintiff electing a money verdict, the jury found for him $174.00. Defendants excepted, and assigned error on the rulings stated above.

J. R. WORRILL; HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SON, for defendant.

JACKSON, Chief Justice.

1. Two questions are made in this record and insisted on here. The first is that trover cannot be brought to recover a cotton screw, because it is a permanent fixture. But the reply is that the defendant had detached it from the plaintiff's realty and moved and affixed it to his own. When he detached it, it became that thing for which trover would lie, and the conversion was complete at that moment and the right of action then arose, and this right could not be defeated by the defendant's fastening this chattel to his own real estate.

2. The other point is that the court erred in ruling that if title was in plaintiff he could recover the value of the screw with the value of its use or hire added, plaintiff in error insisting that the only measure of damages is value with interest instead of hire. The Code settles the point. Section 3057 enacts that if defendant will make tender of property with reasonable hire, at the first term, he may escape costs, and section 3564, declares that plaintiff may have " a verdict for the damages alone, or the property alone, and its hire, if any."

This is our law, and we need not look elsewhere. It originated in the times when slaves and their hire were subject matters of constant and important litigation, and the principle is still in our statute book. It is applicable to this case. The true measure, the just measure, of plaintiff's damages is the value of this screw with reasonble addition for its hire or use. That is precisely what he lost by the wrongful conversion of defendant.

The point in respect to the competency of the witness McCall, was not argued and is not insisted upon.

Judgment affirmed.