KENNEDY v. SMITH.

GILBERT, J. 1. Where one who occupies land under a bond for title, builds thereon a dwelling-house, and subsequently (but before the entire purchase-price of the land has been paid) detaches the house from the land and attaches it to other land not belonging to the owner of the land upon which the house was first erected, and such owner brings an action in trover to recover the house, and his only way to show his title to the house, or his right of possession thereto, is by showing his title to the land upon which it was first built, this is not a "case respecting title to land." Proof of title in such a case cannot affect the ownership of the land. It is pertinent alone as a basis for the recovery of the chattel. Anything detached from the realty becomes personalty instantly. Civil Code, § 3622.

2. An action of trover will lie to recover a dwelling-house which was detached from the land under circumstances as stated in the preceding headnote, although subsequently (but before the bringing of the suit) it was attached to the land of the wrong-doer. *Woods* v. *McCall*, 67 *Ga.* 506; Michigan Mutual Life Insurance Co. *v.* Cronk, 93 Mich. 49 (52 N. W. 1035). See Ogden *v.* Stock, 34 Ill. 522 (85 Am. D. 332), and annotations.                                        *All the Justices concur.*

No. 1092.   APRIL 17, 1919.

The Court of Appeals certified (in Case 9812) to the Supreme Court two questions, the nature of which is sufficiently shown by the answers to them in the headnotes.

*W. B. Stubbs* and *John R. Stofer,* for plaintiff in error.
*M. A. Smith* and *P. M. Anderson,* contra.