## LATIMER v. BRUCE.

PER CURIAM. 1. In an action of complaint for land the petition described the land minutely. The answer admitted that the defendant was in possession of the land, but denied that the plaintiff owned it. After responding to the allegations of the several paragraphs of the petition, the answer proceeded to set up an equitable title under a parol contract with the plaintiff's remote grantor. This part of the answer as amended described the land as " the premises in dispute." The alleged parol contract was, in substance, that if the defendant would occupy the house and furnish the plaintiff's grantor with table board for the rest of his life, he would give her the property, the gift to take effect immediately, and would himself continue to pay the taxes and insurance. *Held:*

(a) Construing the answer as amended in connection with the allegations of the petition specifically describing the property in dispute, the answer sufficiently described the property.

(b) The word " give," as employed in the answer, when considered in connection with the context does not denote a technical gift. The answer alleges a contract upon a valuable consideration.

(c) The court did not err in overruling the general demurrer to a part of the answer setting up the contract.

2. Upon the ground that it assumed the existence of " the contract," thereby intimating an expression of opinion by the court, error is assigned, in one ground of the motion for new trial, upon the following charge of the court: " So, under the rules of law I have given you in charge, take this case and see what the truth is; see what the contract meant, whether it was meritorious, and complied with, whether she has what we call in law an equity; and if you find she has, you ought to find in favor of the defendant." The exception to this

charge is well founded. The existence of the contract is assumed, and this fact was a contested one involving a controlling question in the case; and under the positive provisions of the statute inhibiting an intimation or expression of opinion by the judge upon the facts of the case, the error requires the grant of a new trial. This necessarily results from the charge quoted; for it stands separate and distinct from those parts of the charge in which the court had properly submitted to the jury a question of fact to be determined by them, whether the contract had been made or not, and is in the last paragraph of the court's charge.

3. Error is also assigned upon the following charge of the court: "I charge you, in connection with witnesses, that you can't capriciously disregard testimony. Where a witness has not been attacked or impeached, or his credibility impaired, and has not been contradicted by other evidence, the jury would be authorized and it becomes their duty to believe such witness. They can't capriciously disregard the testimony of a witness unless the same has been contradicted, rebutted, impeached, or attacked in some of the ways known to the law." This charge is not entirely accurate, in that it absolutely requires the jury to believe a witness if he is not discredited in one of the ways pointed out in immediate connection with this requirement; but when this charge is considered in connection with what preceded it, it will not in itself require the grant of a new trial.

4. No other assignment of error shows cause for the grant of a new trial; and as the case is returned for another hearing upon the grounds indicated, no opinion is expressed as to the sufficiency of the evidence.          *Judgment reversed. All the Justices concur.*
                    No. 1844.   MARCH 5, 1921.

Complaint for land. Before Judge Wright. Cobb superior court. January 3, 1920.

*Mozley & Gann* and *Anderson & Roberts,* for plaintiff.

*George F. Gober, C. M. Dobbs,* and *McElreath & Scott,* for defendant.