## 27096. HIGGINS *v.* THE STATE.

DECIDED OCTOBER 10, 1938.

*William H. Agnor,* for plaintiff in error.

*C. S. Baldwin, solicitor-general,* contra.

GUERRY, J. "In England the right of a tenant for life or for years to reasonable estovers is implied from the mere leasing of farm land. Such estovers are of three kinds: housebote, or a sufficient amount of timber for the repair of buildings and for fuel; plowbote, for the making and repair of implements of husbandry, and haybote, for repairing hedges and fences. This common-law right of estovers is generally recognized in this country, and the right of the tenant to cut down trees for this purpose upheld." 16 R. C. L. 748. In this State it is declared by the Code, § 61-109: "The tenant has no right beyond the use of the land and tenements rented to him, and such privileges as are necessary to the enjoyment of his use. He may not cut or destroy growing trees, remove permanent fixtures, or otherwise injure the property. He may use other timber for firewood and the pasturage for his cattle." It appears that in some cases there would exist the right of the tenant to clear land for the purpose of cultivation. *Woodward* v. *Gates,* 38 *Ga.* 205 (5). Thus, while as a general rule it may be true that a tenant may, when it is good husbandry and "necessary to the enjoyment of his use" to clear off timber to prepare land for cultivation, sell the timber so cut, as a rule he can not cut timber merely to sell or dispose of for profit. This applies to both tenants for life and to tenants for years. London v. Warfield, 5 J. J. Marsh. 196; Warren County v. Gans, 80 Miss. 76 (31 So. 539); Learned v. Ogden, 80 Miss. 769 (32 So. 278, 92 Am. St. R. 621); Kidd v. Dennison, 6 Barb. 9; Robinson v. Kime, 70 N. Y. 147; University of Vermont v. Ward, 104 Vt. 239 (158 Atl. 773). It is inherent in the relationship of landlord and tenant that the legal title (assuming that the landlord had legal title) to the land remains in the landlord, the tenant obtaining only a usufructuary interest therein for the term. Code, § 61-101. Trees constitute a part of the realty. *Moore* v. *Vickers,* 126 *Ga.* 42 (54 S. E. 814). When severed, they immediately become personalty. § 85-105; *Kennedy* v. *Smith,* 149 *Ga.* 61 (99 S. E. 27). Under the above authorities, a tenant has no right, by reason of his relationship to the land, to cut and remove timber solely for the pur-

pose of sale. Compare *Brigham* v. *Overstreet*, 128 *Ga.* 447 (5) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75).

Simple larceny is defined as "The wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." Code, § 26-2602. "Theft or larceny may be committed of anything which, in the language of the law, savors of the realty, or of any fixture." § 26-2618. In this same connection, it is further declared: "Anything detached from the realty becomes personalty instantly on being so detached, and may be the subject-matter of larceny, even by the person wrongfully detaching it." § 26-2619. Under this section it was held in *Beall* v. *State*, 68 *Ga.* 820, that wrongfully and fraudulently taking and carrying away ears of corn growing in the field constituted simple larceny. This decision was rendered before the act of 1922 (Ga. L. 1922, p. 114; Code, § 85-1901), which declared all crops "matured and unmatured" to be personalty. Code, § 26-2619, undoubtedly does away with the distinction which existed at common law, to the effect that where articles savoring of the realty were severed by the thief himself, the offense did not constitute larceny where the severing and carrying away of the property were one continuous act, and not separate and independent acts. 36 C. J. 741; Wharton's Criminal Law (11th ed.), § 1099. In the present case, the defendant was indicted in twelve counts for larceny of various amounts of timber taken, on different dates, from land belonging to A. G. Foster as executor of the estate of F. C. Foster. It appears from the evidence for the State that the defendant rented a portion of a large tract of land in the possession of Foster as executor. He was employed as caretaker of the remaining portion of the tract. It is not altogether clear from the evidence whether all of the timber embraced in the allegations of the bill was situated on that part of the land with respect to which the defendant was merely caretaker, or on that part of the land with respect to which he was tenant, or whether on both parts. By stipulation at the beginning of the trial, and in his statement to the jury, the defendant admitted that he cut the timber, hauled it away, and sold it. The substance of his statement was that he had the express permission of the prosecutor to cut and sell the timber. This the prosecutor denied.

Counsel for the defendant theorizes that since the defendant had possession of a portion of the land as tenant, and of the remaining portion as caretaker, if he be guilty of anything, by reason of the cutting, removal, and sale of the timber animo furandi, it is of larceny after trust, and not simple larceny. This argument overlooks the fact that the defendant's lawful possession of the trees as tenant and caretaker extended to them as a part of the realty only, when as such they were not the subject of larceny, and not to them as personalty, i. e., when severed from the earth. The defendant had no semblance of a right in either capacity to sever the trees for the purpose of sale (and it is undisputed that this was his purpose), and to reduce them to possession as personalty. In such case his possession of the trees as personalty was at once wrongful and unlawful; and where he took the same animo furandi, he was manifestly guilty of simple larceny. Our research has revealed and counsel has cited no case contrary to the ruling here made. It follows that the request to charge that "If the jury shall find that the defendant, Olie Higgins, was on the premises as a tenant and had possession of the land in question, then he has not committed simple larceny, and you shall find the defendant not guilty," was properly refused. The evidence amply supported the verdict, and the judge did not err in overruling the motion for new trial as amended.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*