KENDRICK, administrator, *v.* BLACKWELL *et al.*

No. 12975. OCTOBER 11, 1939. REHEARING DENIED NOVEMBER 17, 1939.

*H. H. Anderson* and *W. B. Robinson,* for plaintiff in error.
*Jesse M. Sellers,* contra.

GRICE, Justice. J. S. Blackwell and Mrs. Lula Blackwell, his wife, brought an action against F. R. Kendrick as administrator of the estate of D. T. Smith, deceased. It was alleged that F. R. Kendrick will immediately, unless restrained from doing so, take charge of land (describing it) for the purpose of administering it as the property of said estate; that said land does not belong to said estate, and it should not be so administered; that this land is legally and equitably the property of petitioners; that D. T. Smith was a brother of Mrs. Blackwell, and for some ten years preceding his death in 1937, had resided with petitioners; that, knowing that they did not own any land, he purchased the land

in question as a home for himself and petitioners during his life, and the land was to be petitioners' in fee simple after his death, the oral contract between him and petitioners being that he would purchase the land as a home for himself and them during his natural life; that they were to permit him to reside with them; that he was to have their care and attention, he to be as a member of their family, and at his death the land was to be and become the property of petitioners in fee simple; that by reason of this oral contract petitioners moved on the land shortly after Smith purchased it by deed dated December 8, 1934, and recorded in book 11 of the deed records of the county, and Smith moved with them upon the land and continued to reside with them, to be under their care and attention until his death, and they have continued to reside on the land since they moved thereon in 1934, and since Smith's death in 1937; that they fully executed their part of the oral contract; and that it was the expressed intention of Smith to make petitioners a good and sufficient deed in fee simple to the land, but he never did so, and his failure to do so may have been due to continued ill health. The petitioners prayed for injunction, and that the title to the land be decreed to be in them.

The administrator answered, denying the material allegations of the petition. A jury found for the plaintiffs. A motion for new trial, on general and special grounds, was overruled, and the administrator excepted.

1. This is a suit for specific performance, the only prayers for relief being that the title to the land "be decreed into petitioners," and that the administrator be restrained from administering the land as a part of the decedent's estate. There was no demurrer. The only contention in the petition as a basis for the relief sought was by virtue of an oral contract carrying mutual obligations, which contract on the part of plaintiffs had been fully performed. It was not one of the contentions by petitioners in their pleadings that they were entitled to recover because of a parol gift. It was therefore confusing to the jury, misleading, and harmful to movants for the judge to instruct the jury as follows: "I charge you, gentlemen, that where a party claims title to land under a parol gift, that the burden is on the party asserting the gift and claiming thereunder to prove the same by evidence so

clear, strong, and unambiguous as to leave no reasonable doubt as to that fact. In this case the plaintiffs claim title to the land in their petition under a parol gift, and the burden is on them to prove the same so clear and unambiguous as to leave no reasonable doubt on the minds of the jury as to the fact of the gift."

2. For reasons just indicated, it was erroneous to charge the jury as follows: "I charge you, gentlemen, that specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement." The plaintiffs' case, as alleged in the pleadings, was not one seeking to enforce a merely gratuitous promise, on the faith of which they had entered into possession and placed valuable improvements on the property, under the Code, § 37-804. This portion of the charge was inapplicable to the issue made by the pleadings. It appearing that the court submitted the case to the jury upon a theory not authorized by the pleadings or the evidence, a new trial should have been granted. *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224).

3. The charge complained of in special ground 2 of the motion was susceptible of the construction that the question for the jury to determine was whether there was an agreement between the parties that D. T. Smith would convey the property to the plaintiffs, "or as to whether D. T. Smith, under the rules of law which I will give you in charge, gave the property to the plaintiffs and failed to make a deed to them," and therefore was erroneous.

4. In ground 3 complaint is made that the court charged the jury as follows: "Now, gentlemen, you look to all of the evidence in this case, look and see as to what the agreement shows, as to the parties to the agreement, as to the conveyance of this land; look and see as to what the gift shows; and apply that evidence according to the law as given you in charge as to a reasonable doubt, and apply it to the definition which I will now give you as to when a parol conveyance of land shall be decreed, and see whether or not the plaintiffs by the evidence in this case have carried that burden to the extent as heretofore charged you that it would be necessary for them to do." This is criticized as an expression of opinion by the judge, first, that there had been an agreement as

to the conveyance of this land, and second, that there had been a gift. We are satisfied that his honor, here inadvertently violated the law (Code, § 110-201) which prevents a trial judge from expressing or intimating an opinion as to any fact in issue. Compare *Latimer* v. *Bruce,* 151 *Ga.* 305 (2) (106 S. E. 263).

5. Since the judgment must be reversed for reasons indicated above, we do not pass upon the question whether or not the evidence is sufficient to establish the parol contract and the terms thereof so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. Compare *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523), and cit.; *Suber* v. *Black,* 168 *Ga.* 439 (3), 441 (148 S. E. 81), and cit. See, as to the trial of cases of this character, the cautions referred to by this court in *Lansdell* v. *Lansdell,* 144 *Ga.* 571 (87 S. E. 782).

*Judgment reversed. All the Justices concur.*