### 28687. CAFFEY *v.* PATTILLO.

DECIDED FEBRUARY 13, 1941.

*N. T. Anderson Jr.,* for plaintiff in error.

*J. A. McCurdy Jr.,* contra.

GARDNER, J.   A. B. Burnham on January 14, 1935, procured a loan from the Acacia Mutual Life Insurance Company, in the sum of $2000, for which Burnham executed his note, and to secure the note executed his deed to secure debt to the property described in the proceedings under review.   The deed contained the following provisions:   "Party of the first part further covenants and agrees that the possession of said premises, during the existence of said indebtedness, by the party of the first part, or any person claiming under the party of the first part, shall be that of tenant under the party of the second part, or assigns, during the due performance of all obligations aforesaid, and in case of a sale as hereinbefore provided, the party of the first part, or any person in possession under the party of the first part, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over."   Aside from the powers generally granted as to the right of foreclosure, requirements as to the advertisement, etc., and the right of the grantee or its assigns to purchase at the sale, the deed specifically provided that the deed of conveyance under the foreclosure "shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends, and the said party of the first part hereby constitutes and appoints the said party of the second part, or its successors or assigns, the agent and attorney in fact of said first party to make such recitals, and hereby covenants and agrees that the recitals so to be made by the party of the second part or its successors or assigns shall be binding and conclusive upon the said first party, and the heirs, executors, administrators and assigns of said first party."

Subsequently to the execution of the security deed, on October 7, 1937, Burnham conveyed the property in question by warranty deed to C. E. Pattillo (defendant in error), subject to the condition that "This deed is made subject to a loan executed by A. B. Burnham to the Acacia Mutual Life Insurance Company, dated January 14, 1935, and recorded in deed book 405, DeKalb County records, upon which there is now the balance of principal due in the sum of $1803.59."   On August 17, 1938, Pattillo executed a sales or

commissions contract with Robarts of Decatur, engaging Robarts to sell the property in question for the "sum of four thousand and no/100 ($4000) NET as is to be paid as follows: $400 cash, assume a loan of $1700 more or less, payable at $16 a month, and give a series of notes maturing monthly for $20 each and bearing interest at 6 per cent. It is agreed that the vendor shall furnish good and marketable title to said property and purchaser shall have a reasonable time in which to examine same. In the event title is objected to, the vendor shall be furnished with a written statement of all objections and be allowed a reasonable time thereafter to furnish a valid title. It is agreed that such papers that may be legally necessary to carry out the terms of this contract shall be executed and delivered to the parties at interest as soon as the validity of the title to said property has been established." This contract contained other provisions unnecessary to relate. The following endorsement appeared on the contract: "NOTE: The purchaser agrees to pay $4100 gross on this property. Except the last paragraph on alterations he is to be allowed to make alterations which will not cost more than $250 to replace without consent of vendor. 8-19-38. [Signed] Hugh W. Caffey." Two days later, on August 23, 1938, Pattillo conveyed the property in question by warranty deed to H. W. Caffey, in consideration of $10 and other valuable consideration, subject to the conditions that "As a part of the above named consideration, the party of the second part assumes and agrees to pay the balance due upon a certain loan secured by a loan deed executed by A. B. Burnham to the Acacia Mutual Life Insurance Company, dated January 14, 1935, and recorded in deed book 405, DeKalb County records, upon which loan there is a balance of $1715.43, said loan being payable in monthly installments of $16." About a year later, on August 9, 1939, the Acacia Mutual Life Insurance Company transferred and assigned to Pattillo, his heirs and assigns, the note representing the above loan, together with the deed to secure debt given in security therefor, together with "all of the rights, powers and privileges contained in said deed, . . dated January 14th, 1935, and recorded in deed book 405, . . records of DeKalb County, Georgia, together with all right, title and interest of the said Acacia Mutual Life Insurance Company in and to the property described in said deed, and together with the note thereby secured." On

September 5, 1939, Burnham, by Pattillo, transferee, as attorney in fact for Burnham, executed a deed to Pattillo, pursuant to foreclosure proceedings had under rights, powers, and privileges contained in the deed, wherein it was recited that, in addition to advertisement etc., having been made as required by the security deed, "the terms of said deed to secure debt have been breached and the said A. B. Burnham did default in the payment of installments due under the terms of said note and deed to secure debt, the said C. E. Pattillo, the holder and owner of said note, did declare said entire indebtedness due and payable," and did advertise. etc., and "did bid for said property the sum of fifteen hundred and no/100 dollars, in cash, whereupon said property was knocked down and sold to the party of the second part [Pattillo] for said amount." Pattillo, having purchased the property, made demand upon Caffey for possession, which demand Caffey refused. Pattillo thereupon brought dispossessory proceedings to evict Caffey, deposing that the latter was tenant holding "beyond the term" of the rental or lease. Caffey, in the counter-affidavit, deposed that he did not "hold the premises which are the subject-matter of said affidavit either by lease, or rent or at will, or by sufferance, or otherwise," from Pattillo, or any one under whom Pattillo claimed the premises, or from any one claiming the premises under Pattillo, and that he "is the true and lawful owner of said premises; and he is not and never has been the tenant" of Pattillo, or had held the premises as tenant, and that "he holds said premises at the sufferance of no one, but in his own right as owner thereof."

The jury returned a verdict for the plaintiff. Appeal is to this court excepting to the judgment overruling the defendant's motion for new trial.

The issue presented is tenancy or no tenancy, and the question of the plaintiff's title is not involved. The burden is on the plaintiff to establish the existence of tenancy. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806). Under the pleadings and the evidence the defendant was a tenant "holding over," and was subject summarily to eviction. The evidence taken as a whole, whether set forth above or otherwise considered, was sufficient to show that the property in question was the same in each instance of conveyance, and was that from which it was sought to evict the defendant. Burnham was a grantor common to both the plaintiff and the defendant. By

security deed Burnham conveyed the property to the insurance company; the company assigned this deed with all rights, powers and privileges thereunder to Pattillo. Under the security deed the status of Burnham, *or anyone holding under him,* became that of tenant of Pattillo; and upon the execution of the deed from Burnham by agent in fact to Pattillo, pursuant to the foreclosure, the status of Burnham, or *any one holding under him,* became that of tenant "holding over" beyond the term, and subject to eviction.

Subject to the security deed Burnham conveyed the property to Pattillo. Pattillo through Robarts (sales agent) contracted to sell, and Caffey, the defendant, contracted to buy, the property, but subject to the security deed, the obligations of which Caffey assumed. Pursuant to this contract Pattillo conveyed, subject to the security deed which Caffey assumed, the property to Caffey, the possession of which Caffey was thereafter holding at the time of the assignment of the security deed to Pattillo and of the foreclosure and sale thereunder to Pattillo. This evidence was sufficient to show that Caffey was the successor to Burnham in title to this property, subject to the outstanding security deed, and was tenant of Pattillo, the assignee of the security deed during the pendancy of the assignment, and was the tenant "holding over" of Pattillo upon and after the purchase under the foreclosure. Caffey was subject to dispossession "in accordance with the provisions of law applicable to tenants holding over."

The assignment of error to the effect that the plaintiff did not prove as a basis of foreclosure that the payments on the loan had been in default is without merit. Whatever may have been the right of the defendant to such defense on this issue to have barred at the time of the foreclosure such proceeding and the sale thereunder by equitable proceedings or otherwise, the defendant may not thereafter, to defeat eviction, raise for the first time as against the above-mentioned covenant as to "recitals" the defense that the *plaintiff* failed to show that such default had existed and was properly the basis of foreclosure. The assignment of error to the effect that the deed executed pursuant to the foreclosure proceedings was void because of inadequacy of consideration is without merit. The sale was not so inadequate, as a matter of law, as to avoid the deed and defeat the title into Pattillo. If the deed of purchase by Pattillo under the foreclosure was invalid for any

reason not appearing on the deed itself, the burden of proving the invalidity was upon the defendant; he offered no proof to that effect. (In this connection, to whatever extent such evidence, if offered, was admissible as against the covenant by Burnham, the defendant's predecessor in title, as to conclusiveness of the recitals in the deed made pursuant to foreclosure, is a question not before the court for determination.) The defendant assigned error on the admission, over timely objection, of a certified copy of the original deed from Pattillo to Caffey conveying the property to the latter, because the original was the highest and best evidence. This original deed was properly the property of and presumed to be in the possession or custody of the defendant, Caffey, who when called as the opposite party disclaimed possession, custody, or knowledge of its whereabouts. In view of such circumstances, under the facts of this case the court did not err in admitting in evidence the certified copy. Error is assigned to the admission, over timely objection, of the contract effected through Robarts, the sales agent, of Pattillo to sell, and Caffey to buy, the property in question. The admission of this contract, pursuant to which the deed of conveyance two days later was executed, if error, was harmless. The defendant pleaded, in addition to his direct denial of tenancy, that he held "said premises at the sufferance of no one, but in his own right as owner thereof." The extent to which the defendant held possession grounded on title superior to that as shown in him by the plaintiff, as would have defeated the issue of tenancy, was defensive, with the burden upon the defendant so to prove, affirmatively, to prevail.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*