30824. CHALKER *et al.* v. BEASLEY.

DECIDED JUNE 21, 1945. REHEARING DENIED JULY 12, 1945.

654

*Casey Thigpen,* for plaintiffs.   *M. C. Barwick,* for defendant.

SUTTON, P. J.   (After stating the foregoing facts.)   The rule is, in passing on a motion for a nonsuit, that the evidence should be construed most favorably to the plaintiff; and, if, when so construed a prima facie case ·is made out, a nonsuit should not be granted.   *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604); *Henry* v. *Roberts,* 140 *Ga.* 477 (79 S. E. 115).

This is a trover suit for the recovery of a described house after it was detached from the realty. It was held in *Kennedy* v. *Smith,* 149 *Ga.* 61 (99 S. E. 27), that such an action will lie. The nonsuit was granted on the motion, "That the description of the property in question, referred to in plaintiffs' evidence, was insufficient." The defendant's demurrer, consisting of three grounds, is set out above, and in overruling the demurrer it was adjudicated: (1) That the petition set out a cause of action; (2) that the description of the property sued for was sufficient to authorize a recovery; (3) that the plaintiffs have a right to bring the action. This fixed the law of the case, and if the evidence prima facie supported the case as laid, it was error to grant a nonsuit. The evidence is set out above, and, in our opinion, it substantially supports the allegations of the petition and was sufficient to authorize the court to submit the case to the jury. The evidence shows that Emma Kitchens had a deed to three acres of land in the 1460th district (Stapleton district) of Jefferson County, Georgia; that the three-acre tract was bounded on the north by the Stapleton-Bethel Church Road, on the east, south, and west by the lands of S. R. Beasley; that a described dwelling house was built on this three acres of land for Mrs. Emma Kitchens and a deed to this property was made to her, and that she lived in the house, and was in possession of the property for about ten years after the property was bought for and deeded to her and her children; that the house was known as the Emma Kitchens house; that the three plaintiffs are her children and her heirs at law; and that the said Emma Kitchens died prior to the bringing of this trover suit.

The defendant tried a number of times to buy this property from Emma Kitchens, but she refused to sell it to him, and, after she moved out of the house, and shortly after her death, he tore the house down and removed it, although he did not claim to be the owner of the property, and the only reason he gave for doing this was that he was afraid the house would be destroyed by fire. There was evidence as to the value of the house, demand and refusal on the part of the defendant to deliver the same to the plaintiffs or to pay them therefor.

To support an action of trover it is necessary for the plaintiff to show either title in himself at the time of the commencement of the action, prior possession, or the right of immediate possession.

*Southern Railway Co.* v. *Strozier,* 10 *Ga. App.* 157 (73 S. E. 42);
*Livingston* v. *Epsten-Roberts Co.,* 50 *Ga. App.* 25 (177 S. E. 79),
and cit. It can not reasonably be said that Emma Kitchens could
not have recovered the house in question from the defendant, had
she been living. She had a deed to the property and had been in
actual possession of it for more than ten years and no one else even
claimed the property. It appears that the reason the deed was not
introduced in evidence was that it was lost. There was no question
that it did not cover the three acres of land on which the Emma
Kitchens house was located. The Code, § 85-407, provides that
adverse possession of land under color of title for seven years gives
a title by prescription. There was evidence that the deed was made
to Emma Kitchens and her children, that the plaintiffs were her
children and heirs at law. Upon the death of the owner of any
estate in realty, the title vests immediately in his heirs at law
(Code, § 113-901), and the plaintiffs here were entitled to the
immediate possession of the property upon the death of the intes-
tate. *Bacon* v. *Howard,* 19 *Ga. App.* 660 (7) (91 S. E. 1066);
*Lester* v. *Toole,* 20 *Ga. App.* 381 (93 S. E. 1099); *Dorris* v. *Dorris,*
149 *Ga.* 170 (99 S. E. 532). The suit is for the house, which the
defendant removed from the realty and took possession of without
any claim of right whatever. Under the record as here presented
and the law applicable thereto, we think the evidence substantially
proved the plaintiffs' case as laid and that the court erred in grant-
ing a nonsuit.

Pursuant to the act of the General Assembly, approved March 8,
1945, requiring that the full court consider any case in which one
of the judges of a division may dissent, this case was considered
and decided by the court as a whole.

*Judgment reversed. Broyles, C. J., MacIntyre, Gardner and
Parker, JJ., concur.*

FELTON, J., dissenting. I think the grant of a nonsuit was de-
manded. The petition in substance alleged that the house before
detachment was located on three acres of land belonging to the
plaintiffs. The ruling on the demurrer was to the effect that the
petition sufficiently described the property sued for—the house.
The petition did not contain the description in the deed referred to
in the evidence. If it had there would be some semblance of rea-
son why the ruling on the demurrer should be the law of the case.

662

But as the case stands the petition alleged that the defendant converted *their* property. The title to the house depended on the title to the land on which it was located in the absence of an agreement treating it as personalty. The evidence did not show that the house belonged to them or was ever in their possession or that they had the right of possession. Their claim to whatever right they relied on was through the deed to their mother. The description in this deed was so indefinite as not to describe any particular three acres of land. The description bounded the land on the north by a road and on all other three sides by one property owner. It is impossible to identify the three acres to be conveyed without some key or additional proof. The three-acre tract might have been six acres wide or it might have been a half acre wide. One could lay off three acres along the road at various points and everywhere he laid them off they would fit the description. The deed was insufficient even as color of title because it is impossible to locate the three acres. *Harwell* v. *Foster* and *Harwell* v. *Reese*, 97 *Ga.* 264 (22 S. E. 994); *Oglesby* v. *Volunteer State Life Ins. Co.*, 195 *Ga.* 65 (23 S. E. 2d, 404); *Holt* v. *Tate*, 193 *Ga.* 256 (18 S. E. 2d, 12), and cit. I think the ruling of the majority that the ruling on the demurrer was the law of the case is wrong because the ruling did not reach the question of the validity of the deed on which the plaintiffs' title depended. The evidence did not sustain the allegations of the petition touching the plaintiffs' title. The court has done a strange thing. It has ruled that the nonsuit was error because the law of the case authorized a verdict for the plaintiff and also ruled that the evidence supports the finding that the plaintiffs held title to the three acres of land and the house. The court states: "There was no question that it [the deed] did not cover the three acres of land on which the Emma Kitchens house was located." Several witnesses swore that the house was built on Emma Kitchens' three acres, but such testimony is as void of probative value as a statement that black is white. An indefinite description in a deed can not be reformed by the wild statement of the conclusion of a witness. Emma Kitchens might have built a house on three acres of land she thought belonged to her. But she had no three acres of land to build on, and when she built she built on somebody else's land, and as a result she had no title to the house and no right of possession. The only

right she had, or the plaintiffs had, was to set off the value of improvements in an action against her or them in ejectment. The court in this case introduces into the law of Georgia a novel way by which title may be established. So far as I can find it is the first such ruling. The same applies as to the ruling as to the law of the case. Under that ruling all the plaintiffs have to do is say they own the title, and they can prevail even if the evidence shows conclusively that they do not own title or right of possession. I think the plaintiffs failed to make out a case, and that the grant of a nonsuit was demanded.