## 31849. McNEILL *v.* SMITH.

Decided January 28, 1948.

*Randall Evans Jr.,* for plaintiff.
*Stevens & Stevens,* for defendant.

FELTON, J.   David A. McNeill sued out a dispossessory warrant against Mrs. Marcus B. Smith.   Mrs. Smith filed a counter-affidavit, alleging that her term of rent had not expired, that she was not holding over and beyond her term, and that she did not hold the premises from the plaintiff or from any one under whom he claimed.   The jury found for the defendant and the plaintiff excepted.

■   Two issues were raised by the evidence; one was whether Mrs. Smith made an agreement to pay rent on the dwelling house involved; the other was whether the defendant's husband held the house under a parol agreement made by him with the plaintiff. The judge charged the jury in part as follows:   "If you should find that he did not rent the premises to Mrs. Martha Smith you would stop there in your deliberations and render a verdict in her favor."   The jury rendered the following verdict:   "We the jury find Mrs. Marcus Smith not to be the renter, and we find the verdict in favor of the defendant, Mrs. Marcus Smith."   We interpret this verdict to mean that the jury found from the conflicting evidence, as they were authorized to do, that there was no agreement between the defendant and the plaintiff whereby the defendant agreed to pay rent, and that they did not consider or pass on the other question in the case, namely, whether the husband of the defendant held the dwelling under a parol contract of sale.   Any errors made in the charge of the court with respect to the last-named issue would be harmless, since the jury did not decide the case on that basis.

The court correctly charged the jury that the burden of proof was on the plaintiff to prove that he was the landlord and the defendant was the tenant. *Caffey* v. *Pattillo,* 64 *Ga. App.* 382 (13 S. E. 2d, 202). A tenant is estopped to deny the relationship of landlord and tenant when he enters into possession as tenant under the landlord. The burden of showing that the relationship ceased after the tenancy began, by reason of the defendant's husband's purchase of the property, would be on the defendant as an affirmative defense (*Caffey* v. *Pattillo,* supra), and this principle was not given in charge to the jury. However, the failure so to charge was harmless, because the jury found that there was no original relationship of landlord and tenant between the parties plaintiff and defendant. All of the other assignments of error deal with the second issue, which was not considered by the jury, and it is unnecessary to consider them. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*