35881. KENNER *v.* KENNER *et al.*

CARLISLE, J. 1. Where, in a dispossessory-warrant proceeding, the defendants in their counter-affidavit allege, in the terms of the statute (Code § 61-303), that the property is not the property of the plaintiff and the defendants are not holding the premises without authority of the owner, and that the relationship of landlord and tenant does not exist between the plaintiff and the defendants, or either of them, and that they do not hold the premises from the plaintiff or from anyone under whom he claims, such allegations are not subject to be stricken on special demurrer as raising the issue of title. The issue made by such allegations is not one of title, but of tenancy or no tenancy. *Hamilton* v. *Darden*, 58 *Ga. App.* 409 (198 S. E. 805), and citations; *Caffey* v. *Pattillo*, 64 *Ga. App.* 382, 387 (13 S. E. 2d 202); *Crain* v. *Daniel*, 79 *Ga. App.* 647 (54 S. E. 2d 487).

2. An estate at sufferance arises when one comes into possession of realty by lawful title but remains in possession without title (*Hill* v. *Kitchens*, 39 *Ga App.* 789, 148 S. E. 754; *Anderson* v. *Watkins*, 42 *Ga.* App. 319, 156 S. E. 43; *Radcliffe* v. *Jones*, 46 *Ga. App.* 33, 166 S. E. 450; *King* v. *Tilley*, 69 *Ga. App.* 561, 26 S. E. 2d 293); and where a father, who has possession of and title to certain realty, sells the legal title to his son, but remains in possession with his wife and daughter with no agreement or understanding with the son concerning the payment of rent on the premises, the father becomes the tenant at sufferance of the son; and where upon the death of the father intestate, his wife and daughter remain in possession with no agreement or understanding with the son concerning their payment of rent, they succeed to the position of the father as tenants at sufferance of the son, and he may evict them by the summary proceeding for which provision is made in Code § 61-301. *Colvin* v. *Colvin*, 24 *Ga. App.* 630 (101 S. E. 586), and citations.

3. Where, under such circumstances as those indicated above, the son brings a summary proceeding to dispossess the wife and daughter of the premises, and they in their counter-affidavit deny that they are holding the premises from the son, or from anyone under whom he claims, and it appears upon the trial of the case that the son had, prior to the institution of the dispossessory proceeding, been notified by counsel for the wife and daughter that they had had the premises set aside as a year's support, the son is not required to prove demand for and refusal of possession of the premises, as under such circumstances it is clear that the demand, if made, would have been refused. *Craig* v. *Day*, 92 *Ga. App.* 339, 345 (8) (88 S. E. 2d 451), and citations.

4. Where, upon the trial of a dispossessory proceeding, the plaintiff by his evidence establishes that the relationship between him and the defendants is that of landlord and tenant in that they succeeded to the position of the plaintiff's father upon the father's death and the father was the plaintiff's tenant at sufferance by virtue of having sold the legal title to the plaintiff and remained in possession thereafter; and it is established by the plaintiff that a demand upon the defendants for possession of the premises, if made, would have been refused, the plaintiff has established a prima facie case, and it is error for a trial judge of the Civil Court of Fulton County to direct a verdict at the conclusion of the plaintiff's evidence, and it is likewise error for the Appellate Division of that court to reverse the direction of the verdict and enter a judgment of nonsuit against the plaintiff. *Chalker* v. *Beasley*, 72 *Ga. App.* 652 (34 S. E. 2d 658), and citations.

5. Under an application of the foregoing principles of law to the facts of the present case, the Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial judge of that court in overruling the special demurrers to the counter-affidavit of the defendants. It was error, however, for the Appellate Division to order a judgment of nonsuit to be entered against the plaintiff.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 27, 1955.

S. T. *Allen,* for plaintiff in error.

John L. *Lee, Vester M. Ownby,* contra.

Harris Kenner sued out a dispossessory warrant in the Civil Court of Fulton County against Queenie and Lois Kenner as tenants at sufferance holding certain described realty without authority of the plaintiff and owner. By counter-affidavit, the defendants alleged that they are not in possession as tenants of the plaintiff or as tenants at sufferance of the plaintiff; that the property is not the property of the plaintiff, and the defendants are not holding the premises without the authority of the owner; that the relationship of landlord and tenant does not exist be-

tween the plaintiff and the defendants, or either of them; that they do not hold the premises from the plaintiff or from anyone under whom the plaintiff claims. The plaintiff, by special demurrers, moved to strike from the counter-affidavit the allegations that the property is not the property of the plaintiff, that the defendants are not holding the premises without authority of the owner, that the defendants do not hold the premises from the plaintiff, and that the defendants do not hold the premises from anyone under whom the plaintiff claims, upon the ground that these allegations seek to raise the issue of title which cannot be tried in the Civil Court of Fulton County. The trial court overruled the special demurers, and at the conclusion of the plaintiff's evidence directed a verdict for the defendants. On his appeal to the Appellate Division of the Civil Court of Fulton County the plaintiff assigned error upon the overruling of his special demurrers to the counter-affidavit and upon the direction of the verdict. The Appellate Division affirmed the trial court in overruling the special demurrers, but reversed its direction of the verdict and ordered that a judgment of nonsuit be entered against the plaintiff. On appeal to this court, the plaintiff assigns error upon the judgment of the Appellate Division in affirming the overruling of his special demurrers to the counter-affidavit and in ordering the judgment of nonsuit.

