## 40139. FITZGERALD MILLS CORPORATION
## v. KAUTZ et al.

FRANKUM, Judge. 1. In a dispossessory warrant proceeding brought by Fitzgerald Mills Corporation to recover possession of a described tract of land allegedly located in Land Lot 299 of the 4th Land District of Ben Hill County, the defendants, by counter affidavit, denied that they were holding possession of the premises described in the dispossessory warrant as tenants of the plaintiff, but that they claimed title to the property described as owners in fee simple. On the trial of the case it developed from the evidence that the real issue between the parties was as to the location of the line between their respective tracts. Both parties contended that this line was on the land lot line between Lot 299, lying to the west, and Lot 282, lying to the east. The defendants' evidence showed clearly that they did not contend that they owned any land west of the land lot line. The case was apparently tried and the trial judge submitted the case to the jury on the theory that the only issue was the location of the land lot line between adjoining landowners, and as thus tried, the dispossessory warrant case was, in effect, converted into a processioning or ejectment case. This was not proper, as neither title to the land nor location of the land line was an issue to be sumitted to the jury in such a proceeding. *Cassidy v. Clark*, 62 Ga. 412; *Jordan v. Jordan*, 103 Ga. 482 (30 SE 265); *Patrick v. Cobb*, 122 Ga. 80 (1) (49 SE 806); *Griffeth v. Wilmore*, 46 Ga. App. 96 (166 SE 673); *Hamilton v. Darden*, 58 Ga. App. 409 (198 SE 805); *Caffey v. Pattillo*, 64 Ga. App. 382, 385 (13 SE2d 202).

2. The jury found in favor of the defendants and the necessary interpretation of that finding under the evidence was that the relation of landlord and tenant did not exist between the parties. We cannot say that the evidence demanded that finding, and the assignments of error in special grounds 5 and 6 of the motion complaining of portions of the charge which submitted to the jury the issue as to the location of the land lot line as though the case were one for processioning show errors which were probably harmful and confusing to the jury and which require the grant of a new trial. *Kendrick v. Blackwell*, 189 Ga. 225 (5 SE2d 633). The other assignments of error relate to matters not likely to recur on another

trial of the case and are not passed on at this time.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 10, 1963.

*McDonald, McDonald & Mills, Ben B. Mills, Jr.,* for plaintiff in error.

*Jay, Garden & Jay, Clayton Jay, Jr.,* contra.