43367.   SCHRAMPFER v. LINDAL CEDAR HOMES OF GEORGIA, INC.

WHITMAN, Judge.   1.   "A building is a part of the realty by statute law of this State, and trover will not lie to recover such building before it has become personalty by being detached from the land." *Adams v. Chamberlin,* 54 Ga. App. 459, 460 (188 SE 550). A bail trover action will not lie to recover a building, unless a wrongdoer has detached the building from the realty and has converted it to his own use. There are circumstances, however, where trover will lie to recover a building. In *Kennedy v. Smith,* 149 Ga. 61 (99 SE 27), it was held that an action for trover would lie to recover a dwelling house "[w]here one who occupies land under a bond for title, builds thereon a dwelling-house, and subsequently (but before the entire purchase-price of the land has been paid) detaches the house from the land and attaches it to other land not belonging to the owner of the land upon which the house was first erected." See also *Woods v. McCall,* 67 Ga. 506, wherein a trover action was allowed after a cotton screw attached to the realty was detached and carried away.

2.   Parties may agree between themselves as to whether certain things are to be considered realty or personalty and the agreement will be controlling. In the absence of such an agreement,

things which attach to the realty will be considered as realty. *Wofford Oil Co. v. Weems-Fuller Co.*, 166 Ga. 173, 175 (3) (142 SE 887).

3. Applying the above principles to this case, where plaintiff's action in bail trover was brought in the "Jack Jones" form describing the property as "a 27 foot by 34 foot 'Portland' Model Vacation Cottage, solid cedar, 918 square feet of living area, with sun deck 35 feet by 8 feet across the front, 16 feet by 4 feet on the left side and 10 feet by 4 feet on right side; sitting on piers located at 1941 S. Cobb Drive, Marietta, Georgia," the defendant's general demurrer should have been sustained. The description is one of realty. There is nothing to indicate the described property was to be considered personal property as between the parties. There is nothing to indicate that the described property was wrongfully detached and removed from another piece of land.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 11, 1968—DECIDED JUNE 26, 1968.

*Custer, Brenner & Smith, Lawrence B. Custer,* for appellant.