27854, 27885. MIDDLE GEORGIA REALTY, INC. v. IDS HOMES, INC. (two cases).

Argued May 14, 1973 — Decided September 6, 1973 — Rehearing denied September 19, 1973.

*Arnall, Golden & Gregory, Richard M. Nichols, H. Fred Gober,* for appellant.

*Adams & Adams, Jerry B. Marshall, V. J. Adams,* for appellee.

Grice, Presiding Justice. These appeals result from a proceeding to quiet title brought under Ga. L. 1966, p. 443 (Code Ann. § 37-1411).

The complaint was filed in the Superior Court of Bibb County by IDS Homes, Inc. against Middle Georgia Realty, Inc. After a hearing the special master made findings of fact and conclusions of law. These were adopted by the trial court, which found that a security deed in favor of Middle Georgia's predecessor in title constituted a cloud upon IDS Homes' title. By a judgment entered January 18, 1973, it ordered that this and a subsequent foreclosure deed be cancelled of record.

Middle Georgia thereupon filed exceptions to the report of the special master and a motion to recommit the report of the special master and reopen the record for additional facts. The exceptions were subsequently amended.

On February 2, 1973, the trial court entered an order overruling all of Middle Georgia's motions and exceptions. On that same date Middle Georgia filed its notice of appeal from both judgments in Case No. 27854.

Upon a hearing on February 19, 1973, the trial court ordered Middle Georgia to post a supersedeas bond in the amount of $9,500. This order was not entered, however, until February 21, 1973, after the record on appeal had been transmitted to this court. On the same day, February 21, 1973, Middle Georgia filed its notice of appeal from the order granting supersedeas in Case No. 27885.

■ We have carefully reviewed the record and the briefs and

conclude that the findings of fact and conclusions of law set forth in the report of the special master and adopted by the trial court are eminently correct.

The special master made, in substance, the following findings of fact.

In 1932 Mrs. A. I. McWilliams conveyed by warranty deed to E. S. L. Jones, Jr., certain property, which included the property here in dispute.

In 1945 E. S. L. Jones, Jr., conveyed by quit claim deed several parcels of land, including the property in question, to Essie Jones.

On January 10, 1957, E. S. L. Jones conveyed by warranty deed the property described in the plaintiff's petition to named Deacons of the Swing Low Baptist Church.

Subsequently, in August 1961, E. S. L. Jones executed two quit claim deeds in the names of E. S. L. Jones and Essie Jones to the same property to the Swing Low Baptist Church.

On May 1, 1968, Essie Jones, E. S. L. Jones, Jr., and Annie Grier executed a security deed to Robert E. Barfield and John S. Warchak secured by three parcels of land including the property here in litigation.

On June 20, 1969, the named Deacons of the Church conveyed this property by warranty deed to E. S. L. Jones, Jr.

On March 9, 1970, E. S. L. Jones, individually and as attorney in fact for E. S. L. Jones, Jr., (said grantor also known as Essie Jones, Ed Jones and Sebron Ed Jones), executed a security deed to James B. Mauldin. This deed was transferred to IDS Homes on that same date.

On May 5, 1970, Warchak and Barfield foreclosed the security deed given by Essie Jones, E. S. L. Jones, Jr., and Annie Grier and the property therein described was purchased by Warchak. On June 30, 1970, Warchak conveyed the property by warranty deed to Middle Georgia.

All of these conveyances were properly recorded.

On March 17, 1970, Warchak wrote to Gerald S. Mullis, who at that time was attorney for IDS Homes, and advised him that Warchak held a claim against the property. Two days later Warchak filed an affidavit claiming title to the property involved.

The special master found that prior to actual notice given by Mullis of Warchak's claim to the property, the loan to Mauldin had been closed and the funds disbursed, but the security deed was not recorded until March 31, 1970; that at the time the security deed was given by Essie Jones, E. S. L. Jones, Jr., and Annie Grier to

Barfield and Warchak, the record title to the property was vested in the Swing Low Baptist Church; and that the church later conveyed this property to E. S. L. Jones, Jr., who executed the security deed to Mauldin.

The record shows that Warchak obtained his claimed title to the disputed property through a foreclosure deed from himself and Barfield as attorneys in fact for Essie Jones, E. S. L. Jones, Jr., and Annie Grier dated May 5, 1970; and that Middle Georgia's claim of title is based upon a warranty deed to the disputed property executed to it by Warchak on June 30, 1970.

On December 7, 1971, IDS Homes foreclosed the March 1970, security deed from E. S. L. Jones individually and as attorney in fact for E. S. L. Jones, Jr.

We agree with the conclusion of the master which was adopted by the trial court, that IDS Homes can claim title to the property in question as a bona fide purchaser for value without notice and that it exercised due diligence in examining its chain of title.

IDS Homes could not have discovered the 1968 security deed under which Middle Georgia claims since at the time of its execution by Essie Jones, E. S. L. Jones, Jr., and Annie Grier the title to the property was in the Swing Low Baptist Church. On the other hand, Warchak did not check the title at all at the time he and Barfield executed this deed.

In our view it makes no difference that IDS Homes received actual notice of this 1968 security deed after the loan was made because the funds had then already been disbursed in good faith and without knowledge of this prior deed. Nor does it matter that actual notice of Middle Georgia's claim to the property was received prior to recording the security deed to Mauldin and IDS Homes on March 31, 1970.

We find no error in the proceedings.

■ The record shows that no supersedeas bond has been posted pending appeal in this case by Middle Georgia Realty, Inc. Since we have disposed of the appeal upon the merits of the case in Division 1 above, such bond is no longer required. It is therefore unnecessary to rule upon the contention of the appellant in Case No. 27885 that the trial judge was without jurisdiction to order that such bond be posted.

*Judgments affirmed. All the Justices concur.*