### 31782. LACY v. NATIONAL BANK OF WALTON COUNTY et al.

HILL, Justice.

The plaintiff appeals from the dismissal of his action to invalidate the defendant bank's security deed and to enjoin its foreclosure proceeding.

The complaint showed the following facts: On March 22, 1973, a housebuilder executed a deed to a residential lot naming defendant Richardson as grantee. The deed was delivered to plaintiff as escrow agent. Richardson took possession of the house and lot but was unable to obtain a loan or assume the existing loan of $38,000 from Tucker Federal Savings & Loan. On April 11, 1973, Richardson nevertheless gave the defendant Walton National Bank a deed to secure debt upon the property to secure a $2,400 loan. The bank recorded its security deed on April 13, 1973. Unable to acquire the property, Richardson executed a warranty deed to plaintiff on May 1, 1973. On July 12, 1973, plaintiff filed for record the warranty deed to Richardson which plaintiff had held in escrow and the one from Richardson to plaintiff. Plaintiff assumed the Tucker Federal construction loan and has since made the payments. Plaintiff alleged that he had no actual notice of Richardson's security deed to the bank.

In May, 1976, defendant bank advertised notice of foreclosure. Plaintiff filed suit for declaratory judgment to invalidate the bank's security deed and to enjoin the foreclosure. Defendant Richardson defaulted. The bank's motion to dismiss for failure to state a claim for relief against it was granted. Plaintiff appeals.

The plaintiff urges that he was holding the warranty deed to Richardson in escrow, that he had actual knowledge that it had not been recorded, and that he

therefore had no reason to check the title to see if Richardson had encumbered the property. The trial court reasoned that because Richardson had possession of the property at the time of the conveyance to the defendant bank, and because the plaintiff received his title from Richardson, plaintiff's title was subject to "all the ills" given it by Richardson during the time between the date of the deed to Richardson and the date of his deed to plaintiff. We affirm the trial court.

In *Hill v. O'Bryan Bros.,* 104 Ga. 137 (30 SE 996) (1898), the court held that when a person grants a mortgage on property in his possession but to which he has no title, when he afterwards acquires title such title enures to the benefit of the mortgagee and the mortgage attaches to the land as against the mortgagor. In *Thomas v. Hudson,* 190 Ga. 622 (3) (10 SE2d 396) (1940), the court found this rule applies to assignees of the mortgagor except those assignees without either actual or constructive notice. Thus, plaintiff's title in the case before us is subject to the security deed held by the defendant bank if plaintiff had constructive notice of the bank's recorded security deed.

The plaintiff argues that the case of *Middle Ga. Realty v. IDS Homes,* 231 Ga. 57 (200 SE2d 141) (1973), holds that he does not have constructive notice of defendant's security deed because it is outside his chain of title. In *IDS* the defendant had received and recorded his security deed from plaintiff's grantor in 1968, but the grantor did not have record title from 1945 to 1969. Although the grantor had regained record title in 1969, the plaintiff, who had received and recorded his deed in 1970, was without actual or constructive notice of the prior security deed. *IDS* held that the plaintiff grantee was a bona fide purchaser for value without notice because he did not have constructive notice of defendant's security deed. Thus, in Georgia a purchaser is not required to extend indefinitely into the past his search against the name of each prior owner.[1]

---

[1] This holding comports with the New Jersey rule adopted by many states. See 8A Thompson on Real

In *IDS* there was no doubt that the deed to plaintiff's grantor was dated, delivered, and recorded after the date, delivery, and recording of the security deed to defendant. In the case before us, the deed to plaintiff's grantor, Richardson, was dated before the date of the security deed to the defendant bank. The rule of *IDS* requires a purchaser to search his grantor's title back to the date of the deed which gave that grantor title. Therefore, plaintiff had constructive notice of the bank's security deed and took title subject to that security deed. Thus the trial court properly dismissed the complaint as to the defendant bank.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 11, 1977— DECIDED MARCH 10, 1977.

*William W. Daniel, Charles B. Withers,* for appellant..

*Preston & Allgood, William Lee Preston,* for appellees.

Property § 4343 (1963); Pindar, Georgia Real Estate Law § 19-130 (1971). The rule of *IDS* also comports with the State Bar of Georgia Title Standards ¶¶ 2.2, 12.1 (1977).