## 57203. INSILCO CORPORATION v. CARTER.

BANKE, Presiding Judge.

The seeds of this litigation were sown on July 27, 1972, when the appellant's predecessor in title entered into a contract to furnish Vincent Phillips materials for the construction of a house. Phillips agreed to pay for the materials in monthly installments but later defaulted in this obligation.

On December 27, 1972, Phillips contracted to purchase a lot on which to construct the house. Although he never paid the contract price nor received a deed, he nevertheless went ahead with the construction and gave the appellant a security deed to the property. The appellant accepted this security deed with full knowledge that Phillips did not have title to the property.

Two years later, Phillips moved the house to another lot which he had purchased under the name of Benny Phillips. This lot, along with the house, was purchased by the appellee, Archie Carter, at what might be characterized as a bargain price.

The appellant sued both Phillips and Carter but was unable to obtain service on Phillips. The suit proceeded against Carter based on claims of unjust enrichment, conversion, and conspiracy to wilfully and maliciously interfere with the appellant's property rights. The trial court directed a verdict for the appellee after the appellant had presented its case. This appeal followed. *Held:*

1. The appellant's claim for unjust enrichment is in essence a prayer for the declaration of an equitable lien on the house. However, having failed to enforce his right to a statutory materialman's lien, the appellant has no right to pursue such an equitable remedy. See *Farmers' Loan &c. Co. v. Candler,* 92 Ga. 249 (2) (18 SE 540) (1893).

2. The security deed from Phillips to appellant transferred neither legal title (since Phillips had no legal title) nor possession. It follows that the appellant had no action for conversion against Carter. See generally

*Hinchcliffe v. Pinson,* 87 Ga. App. 526, 527 (74 SE2d 497) (1953); 28 EGL 65, Trover and Conversion, § 17. Similarly, since the appellant had no right to the use and enjoyment of the premises, it had no right to sue for interference with property rights. Accordingly, it was not error to direct a verdict in Carter's favor.

3. The appellant's remaining enumeration of error, regarding an evidentiary ruling, is rendered moot by the foregoing.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 3, 1979 —

*Smith & Shiver, Truett Smith, John M. Shiver,* for appellant.

*Rodger E. Davison,* for appellee.