### 35139. INSILCO CORPORATION v. CARTER.

UNDERCOFLER, Chief Justice.

This case involves a moved house. We granted certiorari to review the Court of Appeals' decision holding that trover would not lie to recover the house or its value. We reverse.

Vincent, also known as Benny, Phillips purchased the materials to build a house from Insilco's predecessor for $9,808 plus charges, interest and insurance. He gave Insilco a security deed to the property on which he built the house, although he never himself acquired title to that land. Phillips then moved the house to land he did own, and sold the house and lot for a total of $6,000 to Carter. Insilco sued Carter and Phillips, but was unable to serve Phillips. At the trial, the court granted a directed verdict for Carter, which the Court of Appeals affirmed. *Insilco Corp. v. Carter,* 149 Ga. App. 772 (256 SE2d 70) (1979).

1. A fixture, part of the realty, becomes personalty when detached. *Kennedy v. Smith,* 149 Ga. 61 (99 SE 27) (1919); *Woods v. McCall,* 67 Ga. 506 (1881); *Burpee v. Athens Production Credit Assn.,* 65 Ga. App. 102 (15 SE 2d 526) (1941). At that time, a cause of action in trover arises, which is not defeated when the chattel is later attached to other realty. *Woods v. McCall,* supra. Therefore, Insilco may sue Carter in trover for conversion of the house.

2. The grantee of a security deed acquires title to the fixtures as would the grantee of any other deed. *Cunningham v. Cureton,* 96 Ga. 489 (23 SE 420) (1895).

Under the case of *Kennedy v. Smith,* supra, the security deed, held by Insilco on the property upon which the house was originally built, is evidence of its title to the

house. This is true even where the house is later attached to the land of the wrongdoer (*Kennedy v. Smith,* supra), and where the wrongdoer transfers his property to a third party.[1] *Burpee v. Athens Production Credit Assn.,* supra. Insilco thus has the older claim of right to the house as against Carter. E.g., *Lee v. Pearson,* 138 Ga. 646 (75 SE 1051) (1912). Carter claims, however, that Insilco cannot rely, in its claim for the house, on its security deed from Phillips because Insilco's security deed was not constructive notice of Insilco's claim. We agree.

"It has been held in other states that the title of a bona fide purchaser is not impaired by a conveyance from his grantor to another, which was made and filed before his grantor became the owner of the property, since to hold otherwise would be to require a purchaser to extend back indefinitely his period of record search against the name of each prior owner." Pindar, Ga. Real Estate Law 662, § 19-130 (2d Ed. 1979). We adopted this rule in *Middle Ga. Realty, Inc. v. IDS Homes, Inc.,* 231 Ga. 57 (200 SE2d 141) (1973), where we held that a purchaser has constructive notice of any deeds out of his grantor from the date of the deed, rather than the date of its recording. Compare *Lacy v. National Bank of Walton County,* 238 Ga. 520 (233 SE2d 775) (1977).

Applying this rule to the case before us, it is clear that Carter had no constructive knowledge of Phillips' security deed to Insilco, which was dated nearly two years before Phillips acquired title to the lot he later sold to Carter after moving the house.

3. There remain, however, two questions: Whether Carter had actual knowledge that the house was moved which would put him on notice of Insilco's claim, and whether he purchased for value. Code Ann. § 37-111; *Williams v. Smith,* 128 Ga. 306 (57 SE 801) (1907). These are jury questions which the trial court incorrectly

---

[1] In *Burpee,* supra, the innocent purchaser in Clarke County apparently had constructive notice of the furnace company's lien on the fixture on record in Oconee County. We here express no opinion of the correctness of that ruling since two counties were there involved.

decided as a matter of law when it directed a verdict for Carter.

·Judgment reversed. *All the Justices concur, except Hill, J., who concurs in the judgment only and in Division 3 and Bowles and Marshall, JJ., who concur in the judgment only.*

ARGUED SEPTEMBER 10, 1979 — DECIDED MARCH 13, 1980 — REHEARING DENIED MARCH 25, 1980.

*Truett Smith, John M. Shiver,* for appellant.
*Roger E. Davison,* for appellee.