20574. ANDERSON *v.* WATKINS.

DECIDED NOVEMBER 15, 1930.

*Gordon Knox,* for plaintiff in error. *Newton Gaskins,* contra.

STEPHENS, J. (After stating the foregoing facts.) The defendant Anderson could not be summarily dispossessed, as provided in section 5385 of the Civil Code of 1910, unless he was a tenant of the plaintiff Watkins. This section of the code authorizes the summary dispossession of a tenant only. Manifestly Anderson was not a tenant by virtue of any express agreement between him and Watkins. He certainly was not a tenant holding over beyond any term specified in any lease contract. If he was a tenant, he was either a tenant at will or a tenant at sufferance. His status was that of a mortgagor whose equity of redemption had been foreclosed, and all his right, title, and interest in the property divested, and he was therefore a tenant at sufferance. In 35 C. J. 1137, § 375, it is stated that "a mortgagor who holds over after condition broken or after a sale of the land under a power of sale contained in the mortgage holds merely as a tenant at sufferance." This statement is supported by the following authorities. In Kinsley *v.* Ames, 43 Mass. (2 Metc.) 29, it was held by the Supreme Judicial Court of Massachusetts that "after a sale of mortgaged premises by the mortgagee or his assigns, pursuant to a power of sale contained in the mortgage deed, the mortgagor's right and interest are wholly divested, and if he thereafter remain in possession, he is a tenant at sufferance." In Tucker *v.* Keeler, 4 Vt. 161, it was held by the Supreme Court of Vermont that "if a mortgagor remains in possession of the mortgaged premises after a decree of foreclosure and the expiration of the time for redemption, he is a tenant at sufferance to the mortgagee." To the same effect, see Stedman

*v.* Gassett, 18 Vt. 346; Johnson *v.* Donaldson, 17 R. I. 107; Jackson *v.* Warren, 32 Ill. 331. See also, in this connection, Doe *v.* Maisey, 8 B. & C. 767, and Gartlan *v.* Hooper, 177 Cal. 414 (170 Pac. 1115). One who occupies the premises of another impliedly contracts to pay rent. *Mercer* v. *Mercer, 12 Ga.* 421; *Clark* v. *Green, 35 Ga.* 92; *Prichard* v. *Tabor,* 104 *Ga.* 64 (2) (30 S. E. 415). In *Chason* v. *O'Neal, 158 Ga.* 725 (124 S. E. 519), it is stated (p. 733) in a dictum, "if after such sale [i. e., a sale of the premises under a power of sale contained in a deed to secure a debt] the grantor and the tenant remain in possession of the premises, an obligation on the part of the grantor in the security deed and his tenant to pay rent will be implied. Civil Code (1910), § 3692. The grantee in such deed thus becomes the landlord, and the grantor, or the latter's tenant, the tenant of the purchasers."

Anderson therefore was a tenant at sufferance of Watkins, and Watkins had the right to summarily dispossess him as a tenant at sufferance, as provided in section 5385 of the Civil Code of 1910. This is true notwithstanding the asserted claim of Brigman. Anderson's right, title, and interest in the property, from whatever source derived, is immaterial, having been acquired by Watkins at the sale made under the power of sale given by Anderson's deed to secure a debt, Watkins is, as to Anderson the true owner of the property, and Anderson, as a tenant at sufferance, was a tenant at the sufferance of Watkins. The court properly directed a verdict for the plaintiff, and did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*