22231. RADCLIFFE, administrator, v. JONES et al.

HOOPER, J. 1. "Under the provisions of section 5385 of the Civil Code (1910), in order to maintain a proceeding to evict a person in possession of land, the relation of landlord and tenant must exist between the parties." *Edwards* v. *Blackshear*, 24 *Ga. App.* 622 (101 S. E. 585), and cit.

2. "Where all right, title and interest of an owner of land has been divested by a sale made pursuant to a power of sale given by him in a deed to the land to secure a debt, and he thereafter remains in possession, he is a tenant at sufferance of the purchaser, and, as such, may be summarily dispossessed, as provided in section 5385 of the Civil Code of 1910." *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43).

3. Under the amended affidavit of the plaintiffs and the counter-affidavit of the defendant, the title to the disputed premises was necessarily, though only incidentally, involved in this proceeding. (See opinion of Supreme Court in transferring this case to this court, 174 *Ga.* 324 (162 S. E. 679).

4. "The absence of a seal from a deed conveying land will not alone render the deed void. Yet where a deed conveying land is executed under seal by a person other than the grantor, in pursuance of a power of attorney signed by the grantor, but the paper relied on as a power of attorney was not executed under seal, the deed so executed is not binding upon the purported grantor." *Henderson* v. *Howard*, 147 *Ga.* 371 (94 S. E. 251).

5. The loan deed executed by the defendant gave the grantee therein (or the transferee of the notes thereby secured) the power, in the event of any default thereunder, to advertise the property for sale, sell it to the highest bidder, and "execute for the grantor and in his name to the purchaser full and complete title to the property." It further provided that "a transfer of said indebtedness by contract or operation of law shall operate to vest this power in the transferee." The grantee undertook, by a writing not under seal and executed in the presence of one unofficial witness, to transfer the said deed, together with all rights and powers thereunder, to the plaintiffs. Plaintiffs advertised the property for sale and at the sale, under further authority contained in the security deed, bought it in, and, as attorneys in fact for the defendant, executed a deed under seal, purporting to convey to themselves title to the property. The aforesaid transfer of the security deed to the plaintiffs not being executed under seal, it follows from the ruling in the immediately preceding headnote that the deed executed under seal by them as attorneys in fact for the defendant was not binding upon the latter.

(a) Nor was the above defect in said deed cured by the execution of a proper transfer of said security deed; such proper transfer having been made several months after the sale and after the making of the deed pursuant to such sale.

(b) It affirmatively appearing from the plaintiff's evidence that the deed upon which they relied was, for the reasons above set forth, ineffective to pass title, the trial court erred in admitting said deed in evidence over objection of the defendant.

34

(c) The above ruling is not altered by the provisions of § 4276 of the Civil Code of 1910, to the effect that the transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security.

6. The motion to dismiss the bill of exceptions upon the ground that the questions therein raised are now moot, must be denied. While it appears from affidavits in support of the motion that the premises were vacated subsequent to the trial of the case, and that the plaintiffs now occupy the same, the question of liability for double rent must still be passed upon. *Mahoney* v. *McKenzie*, 27 *Ga. App.* 245 (107 S. E. 775).

7. The trial judge committed error in directing the jury to return a verdict in favor of the plaintiff for a specified sum as rental, although there was no variance in the opinion of the different witnesses as to the rental value of the premises involved. *McCarthy* v. *Lazarus*, 137 *Ga.* 282 (2) (73 S. E. 493).

8. The evidence failing to show that the relation of landlord and tenant existed between the parties, the defendant having in his counter-affidavit expressly denied that such relation existed, the court was not authorized to direct a verdict in favor of the plaintiff in any amount whatsoever.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 16, 1932.

*W. V. Custer & Son,* for plaintiff in error.
*W. H. Miller, P. D. Rich,* contra.