25456. RYALS *et al. v.* ATLANTIC LIFE INSURANCE COMPANY.

DECIDED JUNE 9, 1936.

*W. T. Burkhalter,* for plaintiffs in error.
*George H. Harris,* contra.

SUTTON, J. The Atlantic Life Insurance Company sought to dispossess W. T. and Mrs. W. T. Ryals, as tenants in arrears with rent, under the Code, § 61-301. The defendants filed their counter-affidavit, setting up that they had not rented the premises from the plaintiff or its agent. An amendment offered by defendants to their counter-affidavit was disallowed. The judge directed a verdict for the defendants, on the theory that it appeared that Mrs. Ryals had purchased the premises from one who had purchased the same from the grantor in a loan deed in favor of the plaintiff, which loan had matured and was unpaid, and the power of sale in the deed was exercised and the property was bought in by plaintiff, although in the conveyance to Mrs. Ryals, and in the conveyance under which she claimed her title, she and her predecessors had expressly assumed the loan in favor of plaintiff. The

plaintiff excepted to this judgment. In a cross-bill of exceptions the defendants assigned error on the disallowance of their amendment, to which they had excepted pendente lite. This court reversed the direction of the verdict for the defendants, but affirmed the ruling complained of in the cross-bill of exceptions. *Atlantic Life Ins. Co.* v. *Ryals,* 48 *Ga. App.* 793 (173 S. E. 875). When the case again came on for trial the defendants attempted to amend their counter-affidavit by attacking plaintiff's title. The judge rejected the amendment, and the defendants excepted pendente lite. On the trial the evidence showed that Mrs. Ryals acquired the legal title to the premises by virtue of a warranty deed from Dr. King, in which she assumed a loan in favor of plaintiff, and that Dr. King acquired the premises by warranty deed from the Real Estate & Loan Company, in which he assumed payment of said loan. The evidence showed that the realty company purchased the premises from the plaintiff and executed notes for a portion of the purchase-price, securing the same by a loan deed to these premises, and that the loan matured and was not paid, and that the plaintiff had exercised the power of sale and bought the property in, making a deed to itself. The judge directed a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted.

1. Under the previous rulings of this court a verdict in plaintiff's favor was demanded. *Atlantic Life Ins. Co.* v. *Ryals,* supra.

2. The proffered amendment was not germane to the issue of tenancy or no' tenancy, and was properly stricken. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806). The title to the land was not directly involved in this case, as was held by the Supreme Court in transferring the case to this court. *Ryals* v. *Atlantic Life Ins. Co.,* 181 *Ga.* 541 (182 S. E. 896). If the sale of the premises under the power of sale in the loan deed in favor of the plaintiff was void on account of its improper exercise, or because the loan was not mature, this could not be set up as a defense to a proceeding under the Code, §§ 61-301, 61-303. *Crawford* v. *Crawford,* 139 *Ga.* 394 (77 S. E. 557), and cit. A tenant can not dispute the title of his landlord. It was held, when this case was here before, that the relation of landlord and tenant did exist between the plaintiff and the defendants in the form of a tenancy at sufferance. This principle is applicable in a dispossessory proceeding by the grantee

in a security deed against the grantor or his heirs or assigns in possession, after the property has been sold under the deed and purchased by the grantee. *Willis* v. *Harrell*, 118 *Ga.* 906 (45 S. E. 794).

3. The questions as to payments made by defendants on the loan to plaintiff and of the shortage in the acreage, were ruled on when the case was here before. *Atlantic Life Ins. Co.* v. *Ryals*, supra.

4. The judge did not err in overruling defendants' motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*