## 25990. PRICE v. BLOODWORTH.

DECIDED FEBRUARY 13, 1937.

*Alfred Herrington, Jr.,* for plaintiff in error.
*A. S. Bradley,* contra.

FELTON, J. 1. "'A dispossessory warrant will not lie unless the relation of landlord and tenant exists.' . . A tenancy such as will authorize the remedy may exist, either where the tenant fails to pay rent when due under an express agreement with the landlord; or where he holds possession beyond the term of his lease; or where he holds possession as a 'tenant at will or sufferance, whether under contract of rent or not.' Code of 1933, § 61-301. A tenancy at will is based on the consent of the land-

lord, either express or implied. A tenancy at sufferance exists where a wrong-doer is in possession without the consent of the landlord, but as a result of his laches or neglect. *Willis* v. *Harrell,* 118 *Ga.* 906 (3), 909 (45 S. E. 794)." *Thrift* v. *Schurr, 52 Ga. App.* 314 (183 S. E. 195), and cit. "Where all right, title, and interest of an owner of land has been divested by a sale made pursuant to a power of sale given by him in a deed to land to secure a debt, and he thereafter remains in possession, he is a tenant at sufferance of the purchaser, and, as such, may be summarily dispossessed as provided" in the Code, § 61-301. Under § 61-303, there are "three different defenses whereby a tenant may arrest the proceedings to evict him. The first defense is that his term has not expired; the second that the rent for part of the unexpired term is not due; and the third denies that the relationship of landlord and tenant exists." *Atlantic Life Ins. Co.* v. *Ryals,* 48 *Ga. App.* 793 (2, 3) (173 S. E. 875); *Ryals* v. *Atlantic Life Insurance Co.,* 53 *Ga. App.* 469, 470 (186 S. E. 197).

2. In this writ of error by a tenant, after a verdict against him in a dispossessory-warrant proceeding, he excepts to the denial of his motion for new trial based only on the general grounds. The grounds alleged in the plaintiff's affidavit were that the defendant had failed "to pay the rent now due" and was "holding . . as tenant at will," and refused and omitted to deliver possession of the property, although possession had been demanded. In the counter-affidavit the defendant stated: "Deponent says that the plaintiff alleges that he is a tenant at will of said [plaintiff], and the rent is due. Deponent denies that he is a tenant at will of said [plaintiff], and/or that he owes him any rent." The defendant contends that the plaintiff's averments, thus denied, were not proved. The undisputed evidence showed that the defendant was originally in possession of the land under and by virtue of the title of another, the grantor in a security deed executed by her to the Federal Land Bank. This deed contained a provision that the possession of the grantor and of any person under her, even after a sale under the deed, should be as *"tenants holding* over," who "shall forthwith deliver possession to the purchaser at such sale or be *summarily dispossessed* in accordance with the provisions of the law applicable to tenants holding over." The plain-

tiff was the assignee of the bank, and also the grantee in a subsequent deed duly executed by him to himself as purchaser on December 10, 1932, under the terms of the security deed. On October 13, 1933, and March 27, 1935, the plaintiff duly served on the defendant written demands for possession. The proved rental value was $60 a year. There was no evidence as to any express or other agreement to pay rent, or as to any express consent by the owner that the defendant remain in possession. The verdict, rendered April 13, 1936, found for the plaintiff rent of $100, doubling $50 a year rental value, in addition to the premises. This verdict as to the amount recovered was authorized, and as to the right of possession was demanded. Even though, where there is an express agreement to pay rent or an occupation under an owner under circumstances such as will import this obligation (Code, § 61-103); and "where no time is specified for the termination of [such a] tenancy, the law construes it to be for the calendar year" (Code, § 61-104), yet where, as in this case, the express provision in a deed to secure debt, by which one in privity with the grantor is bound, is that possession shall be as a "tenant holding over" and such a person shall be "subject to be summarily dispossessed;" and the person, after a sale by the grantee under the security deed, remains in possession without any express agreement or other arrangement with the purchaser, the presumption under the statute that there is a tenancy for the calendar year would not have application. In such a case, the occupant is either a tenant at will or a tenant at sufferance, dependent on whether he remained in possession with the consent of the owner, or merely as a result of the laches or neglect of the owner. The instant affidavit being based on the good ground of eviction, under Code, § 61-301, that the defendant was a tenant at will and refused to deliver possession after demand, and this ground being supported by the uncontroverted evidence, the irrelevant averment in the affidavit that the defendant also had failed to pay the rent due was mere surplusage which did not affect the right of recovery. Nor would the fact that the plaintiff owner gave to the defendant a more liberal interpretation of the relation than that provided by the terms of the security deed, which was merely a tenancy at sufferance, by serving the defendant with a written demand for possession, and thus supplying or evidencing the element

of "consent" required to make the tenancy one at will instead of one at sufferance, make the tenacy one for the "calendar year," under the Code, § 61-104; and the defendant can not complain that he was thus more liberally treated as a tenant at will, entitled to and given written notice and demand, instead of as a mere tenant at sufferance.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*