27737. FITZGERALD TRUST COMPANY *v.* SHEPARD *et al.*

SUTTON, J. 1. Where, as under the facts of the present case, an issue is made by the filing of a counter-affidavit to a summary proceeding to evict a tenant, the question to be determined is tenancy or no tenancy, and no question as to the landlord's title is involved. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806); *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659); *Tatum* v. *Padrosa,* 24 *Ga. App.* 259 (3) (100 S. E. 653). "The proceeding authorized in section 4813 et seq. of the Civil Code [Code of 1933, § 61-301 et seq.] is not one to try title to land; but is provided for the sole purpose of determining the right of possession between one claiming to be a landlord, on the one side, and a person claimed by him to be his tenant, on the other. The relation of landlord and tenant is indispensable to the maintenance of this proceeding." *Jordan* v. *Jordan,* 103 *Ga.* 482 (30 S. E. 265).

2. "The only proper parties to an issue arising under a warrant sued out to dispossess a tenant holding over are the alleged landlord and the

tenant, and it was error to allow other persons under whom the tenant claimed possession to be made parties defendant to the proceeding." *Grizzard* v. *Roberts*, 110 *Ga.* 41 (35 S. E. 291).

3. Applying the above principles of law to the facts of this case, where the Fitzgerald Trust Company sued out a dispossessory warrant against Carrie Henderson, under the Code, § 61-301, to evict her from certain described premises, to which proceeding the defendant filed a counter-affidavit in which she claimed that she was not the tenant of Fitzgerald Trust Company but rented the premises from A. M. Shepard, it was error for the court to allow said Shepard to intervene in the summary proceeding to evict, and to make him a party thereto, it being contended by him in his application for intervention that he held title to the premises in question, and that the deed of the Fitzgerald Trust Company to said premises was void and should be canceled from record as a cloud on his title.

4. The case of *Beasley* v. *Lee*, 155 *Ga.* 634 (117 S. E. 743), cited by defendant in error, was a separate suit in equity to enjoin a dispossessory-warrant proceeding, and that decision is without application to the facts of the present case.

5. The court having erred in allowing the intervention and in making A. M. Shepard a party to the dispossessory-warrant proceeding, the further proceedings in the case, which resulted in a verdict and judgment in favor of the intervenor, were nugatory.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*

DECIDED SEPTEMBER 22, 1939.

*McDonald & McDonald,* for plaintiff in error.
*C. W. Bussell,* contra.