28134. RAY *et al.* v. HOLDEN, executor.

BROYLES, C. J. 1. A dispossessory warrant will lie in all cases where a tenant holds possession of lands over and beyond the term for which the same were rented or leased to him; or where he fails to pay the rent when the same shall become due; and in all cases where lands are held and occupied by any tenant at will or at sufferance, whether under contract of rent or not; and where the tenant refuses to deliver possession of the property to the owner, after a demand to do so has been made on him by the owner or his agent. Code, § 61-301; *Price* v. *Bloodworth*, 55 *Ga. App.* 268 (189 S. E. 925).

2. "A dispossession proceeding lies only against persons who are in possession, or who claim possession, at the time of the institution of the proceedings, unless the persons not in possession are acting in concert with those in possession to withhold the premises from one entitled to possession, each person or party knowingly and wilfully participating in the wrongful detention of the property and enjoying the use and fruits thereof being liable in a proceeding of this kind. It is not material whether the tenant received possession of the demised premises from his landlord or became the tenant after obtaining possession. In addition to being in possession, it is essential that defendant, if not the original tenant, shall be in privity with him, and not be a mere stranger or trespasser. . . Summary proceedings lie against persons who succeed to the possession from or through, or with the permission of the tenant, such as subtenants whom he placed in possession . . or an assignee of the term, or the heirs or widow of the tenant, or a tenant of the widow, but not against an executor of the tenant." 36 C. J. 634, 635, § 1826.

3. The issue made by the defendant's counter-affidavit to dispossession proceedings is tenancy or no tenancy, and the question of the plaintiff's title is not directly involved. "The defensive allegations of the counter-affidavit, that the defendant had the legal title to the premises in dispute, and that she claimed title to the same and the right to occupy the premises, no affirmative relief being sought, did not put her title directly in issue, but it was only incidentally involved; and they did not make the case one respecting title to land." *Roberts* v. *Mitchell*, 166 *Ga.* 229 (2, 3) (142 S. E. 882), and cit.

4. "'Where all right, title, and interest of an owner of land has been divested by a sale made pursuant to a power of sale given by him in a deed to land to secure a debt, and he thereafter remains in possession, he is a tenant at sufferance of the purchaser, and, as such, may be summarily dispossessed as provided'" in the Code, § 61-301; *Atlantic Life Ins. Co.* v. *Ryals*, 48 *Ga. App.* 793 (2) (173 S. E. 875).

5. Under the foregoing rulings and the facts of the instant case, the jury were authorized to find that the defendants were the tenants of the plaintiff in the dispossessory proceeding; and the verdict in favor of the plaintiff was amply authorized by the evidence adduced.

6. The special grounds of the motion for new trial, not having been argued nor insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.

7. The overruling of the motion for new trial was not error for any reason assigned.     *Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 25, 1940.

*J. A. Mitchell,* for plaintiffs in error.
*Frank A. Holden, Hawes Cloud, H. C. Schroeder,* contra.