30565. SWINDELL *v.* WALKER, administrator.

604

DECIDED OCTOBER 7, 1944.

606

*C. L. Cowart*, for plaintiff. *R. L. Dawson*, for defendant.

PER CURIAM. The proceeding to evict a tenant by dispossessory warrant is a legal proceeding, but can be converted in the superior court into a case in equity by appropriate pleading. This court transferred this case to the Supreme Court. That court declined to accept jurisdiction, which means that the case does not involve title to land and does not contain pleadings converting it into an equity case. While the counter-affidavit set up facts tending to show a right to specific performance, there was no prayer for such relief and in the absence of such a prayer the case remained a purely legal one, and the allegations of the amended affidavit were not germane to the legal question involved in the case. The pleadings showed the legal title to be in the plaintiff as transferee of a purchaser under the power of sale in a security deed, and in these circumstances the defendant was a tenant at sufferance. Code, § 61-303. *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43) ; *Williams* v. *Federal Land Bank*, 44 *Ga. App.* 606 (162 S. E. 408) ; *Radcliff* v. *Jones*, 46 *Ga. App.* 33 (166 S. E. 450) ; *Atlantic Life Ins. Co.* v. *Ryals*, 48 *Ga. App.* 793 (173 S. E. 875). The plea did not set up any fact which a court of law would recognize as being superior to the legal title held by the plaintiff, or destroying it. The defendant had only an equitable claim which would have required the extraordinary powers of a court of equity to enforce in order that the prima facie legal title of the plaintiff could be defeated. *Pound* v. *Smith*, 146 *Ga.* 431 (2) (91 S. E. 405) ; *Matson* v. *Crowe*, 193 *Ga.* 578 (4) (19 S. E. 2d, 288). The objections to the amendment on the ground that it sought affirmative equitable relief are without merit. *Bashinski* v. *Swint*, 133 *Ga.* 38 (65 S. E. 152) ; *Harvey* v. *Atlanta & Lowry Nat. Bank*, 164 *Ga.* 625 (139 S. E. 147) ; *Bennett* v. *Farkas*, 126 *Ga.*

228 (54 S. E. 942) ; *Walker* v. *Edmundson,* 111 *Ga.* 454 (36 S. E. 800) ; *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804) ; *Allen* v. *Allen,* 154 *Ga.* 581 (115 S. E. 17). The amendment was not germane because it failed to pray for specific performance or other equitable relief. Whether the amendment contained a sufficient description of the land in question, and whether with a sufficient description and a prayer for specific performance the amendment would entitle the defendant to the relief sought, are not questions within the jurisdiction of this court. The court erred in allowing the amendment to the counter-affidavit over the objection that it was not germane in the absence of a prayer for equitable relief, and the further proceedings were nugatory.

*Judgment reversed. Sutton, P. J., and Felton and Parker, JJ., concur.*