30700. PEACOCK *v.* STINSON.

PARKER, J. 1. In a dispossessory-warrant proceeding the only issue is tenancy or no tenancy, and the defendant may not attempt to set up title in another; the court did not err in excluding the evidence which was calculated to show title in a third party. *Ryals* v. *Atlantic Life Ins. Co.,* 53 *Ga. App.* 469 (186 S. E. 197); *Fitzgerald Trust Co.* v. *Shepard,* 60 *Ga. App.* 674 (4 S. E. 2d, 689), and cit.

2. Where, before the defendant had introduced any evidence, the court, understanding a remark of the defendant's counsel to mean that the defendant had no evidence to offer, stated, "I will direct a verdict for the plaintiff," and upon being informed that counsel merely meant

that no further cross-examination of a particular witness was desired, apologized for the mistake and allowed the defendant to introduce evidence, and subsequently overruled the plaintiff's motion for a directed verdict, no error is presented.

3. Where the plaintiff is entitled to the opening and concluding argument, the defendant may not, by waiving his argument after one of the plaintiff's counsel has opened, deprive another of the plaintiff's counsel from concluding upon the contention that more than one counsel are being heard in conclusion. Only one is being heard in conclusion, and so far as the plaintiff is concerned, the situation is the same as if the defendant's counsel had availed themselves of their right to argue.

4. The evidence authorized the verdict, and no error of law appearing, the court did not err in overruling the motion for new trial.

Judgment affirmed. Sutton, P. J., and Felton, J., concur.

DECIDED JANUARY 25, 1945.

W. A. Dampier, R. I. Stephens, for plaintiff in error.
Nelson & Nelson, contra.

