32396. CRAIN *v.* DANIEL *et al.*

Decided June 22, 1949. Rehearing denied July 15, 1949.

648

*Raymond W. Martin,* for plaintiff in error.

*Stokes Walton, Wyatt & Morgan,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ ■ The defendants in error moved to dismiss the writ of error pending in this court because no parties were named therein as defendants in error. In the bill of exceptions no parties were named as defendants in error, and the style of the case in the lower court is shown as Alton Daniel et al. *v.* J. H. Crain. Notice, etc., before presentation of the bill of exceptions, required by the provisions of the Code (Ann. Supp.), § 6-908.1, was waived by "Wyatt and Morgan, by Lewis R. Morgan, attorney for plaintiff;" and service of the bill of exceptions was acknowledged by "Wyatt and Morgan, attorney for defendant in error," and it clearly appears from the record that Lewis R. Morgan was the attorney for all the plaintiffs in the proceeding in the trial court. Therefore, such acknowledgment of service is binding on all parties that were represented in the lower court by the attorney who acknowledged service of the bill of exceptions. Code, § 6-912. Since the filing of the motion to dismiss the writ of error the plaintiff in error has amended his bill of exceptions by naming all the plaintiffs in the proceeding in the lower court as defendants in error in this court, which is permitted where an acknowledgment of service has been procured as provided in Code, § 6-912, with respect to persons bound by such service. § 6-913. Any defect in the naming of the defendants in error in the bill of exceptions, by reference to some of them by "et al." in describing the style of the case in the trial court, and by a failure to actually name anyone as defendants in error, was cured by the acknowledgment of service of the bill of exceptions by their attorney of record in the trial court, thereby binding such parties, and by the subsequent amendment to the bill of exceptions, naming these parties as defendants in error. See *Hayes* v. *Hayes,* 137 *Ga.* 362 (1) (73 S. E. 659).

■ The defendants in error also moved to dismiss the writ of error on account of the pendency of a materialman's-lien-foreclosure proceeding in the trial court, instituted by the plaintiff in error in the present case, against the predecessors in title of the defendants in error in the case at bar, in which the allegations of the petition are inconsistent with defenses in this case. The defendants in error contend that the plaintiff in error, in

effect, has thereby acquiesced in the rulings made in the trial court in this case, that a reversal would be ineffectual because the plaintiff in error is estopped by his admissions in judicio in the other litigation, and that the present case is now moot. It does not appear affirmatively and unequivocally from this ground of the motion that a decision in the present case is no longer required, and this ground of the motion to dismiss the writ of error is without merit. The motion to dismiss is denied.

■ In special ground 1 of the motion for a new trial, the plaintiff in error complains because the court refused to submit to the jury the question of whether a deed, recorded in Deed Book 68, page 234, was a warranty or a security deed; and from this ground of the motion it appears that the deed was a conveyance by R. T. Crain to Beverly Johnson. The contents of the deed are not shown, and it is not otherwise identified in this ground of the motion, and cannot be identified in the brief of evidence. Special ground 2 of the motion is incomplete, in that it fails to show for what amount or for whom a verdict was directed, or that the plaintiff in error was injuriously or prejudicially affected by the direction of a verdict. Special ground 4 is an assignment of error based on the exclusion of a deed from the evidence, described as "the second security deed executed by R. T. Crain to Beverly Johnson." The contents of the deed are not shown in this ground of the motion. Special ground 5 is an assignment of error based on the exclusion of testimony. In this ground it does not appear what questions were asked, what answers were expected, and wherein the excluded evidence would have been of benefit to the complaining party. Each ground of a motion for a new trial should be completely intelligible within itself in order to present a question for consideration by this court, and none of the above-mentioned grounds of the motion for a new trial meet this requirement. See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 714 et seq. (Rules 14, 22, 23) (145 S. E. 486).

■ The statutory dispossessory proceeding authorized by Code §§ 61-301 et seq. cannot be maintained against a person in possession of premises, unless the relation of landlord and tenant exists between the parties. *McHan* v. *McHan,* 39 *Ga. App.* 632 (147 S. E. 903) ; *Stephenson* v. *Kellett,* 46 *Ga. App.* 27 (166 S. E.

457); *Atlantic Life Ins. Co.* v. *Ryals,* 48 *Ga. App.* 793 (183 S. E. 875). "The tenant may arrest the proceedings and prevent the removal of himself and his goods from the land by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, or that the rent claimed is not due, or that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise, from the person who made the affidavit on which the warrant issued, or from anyone under whom he claims the premises, or from anyone claiming the premises under him: Provided, such tenant shall at the same time tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case." Code, § 61-303. The defendant in his counter-affidavit stated that his term of rent had not expired, that he was not holding possession over and beyond his term, that no rent was due, and that he did not hold the premises from the plaintiffs as a tenant or otherwise. But it appears from the record here that the defendant relied solely on the defense of no tenancy. The defendant did not testify in the case. He offered certain evidence, which was excluded by the trial judge, error being assigned on this ruling in ground 3 of the motion, and the evidence being the expected testimony of R. T. Crain, that R. T. Crain made an oral contract with the defendant, J. H. Crain, prior to the time R. T. Crain conveyed the premises to Johnson, whereby the defendant entered into possession of the premises and made improvements thereon, and could purchase the same by a payment to R. T. Crain of $600, and that Johnson acquiesced in this agreement when he took a security deed from R. T. Crain, and again when he took a warranty deed from R. T. Crain. It does not appear from the proffered testimony, or otherwise, that payment of the $600 was ever made. In a dispossessory-warrant proceeding where the issue is tenancy or no tenancy, no question as to the title of the plaintiff is involved. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806); *Fitzgerald Trust Co.* v. *Shepard,* 60 *Ga. App.* 674 (4 S. E. 2d, 689); *Ryals* v. *Atlantic Life Ins. Co.,* 53 *Ga. App.* 469 (186 S. E. 197); *Peacock* v. *Stinson,* 72 *Ga. App.* 48 (32 S. E. 2d, 921). However, the defendant may be able to show that no tenancy exists, as an affirmative

defense, by showing that his possession of the premises is based on title in himself. See *Caffey* v. *Pattillo*, 64 *Ga. App.* 382, 387 (13 S. E. 2d, 202); *Holton* v. *Mercer*, 65 *Ga. App.* 53 (15 S. E. 2d, 253); *Bullard* v. *Hudson*, 125 *Ga.* 393, 396 (54 S. E. 132). But the testimony in question here does not meet this test. When considered with the uncontradicted evidence of the plaintiffs, which, briefly summarized, shows a sale of the premises by W. Beverly Johnson Jr., as attorney in fact for R. T. Crain, to the plaintiffs, under the power of sale contained in a security deed made by R. T. Crain to Johnson, thereafter a demand by the plaintiffs on J. H. Crain, the defendant, for payment of rent, and after a refusal to pay any rent, a demand for possession, the proffered testimony as to a claimed contract would only show that J. H. Crain was in possession of the premises under a contract to purchase the property from R. T. Crain, who had thereafter been divested of all right, title, and interest in the premises by virtue of the sale made pursuant to a power of sale given in the security deed to Johnson. Claiming under R. T. Crain, J. H. Crain was in no better position than R. T. Crain. Where all right, title, and interest of an owner of land has been divested from him by a sale made pursuant to a power of sale given by him in a deed to land to secure a debt, one claiming possession under him by virtue of a contract to purchase the land, who thereafter remains in possession, is a tenant at sufferance of the party or parties who purchased the land. See *Atlantic Life Ins. Co.* v. *Ryals*, supra; *Hill* v. *Kitchens*, 39 *Ga. App.* 789 (148 S. E. 754); *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43); *Radcliffe* v. *Jones*, 46 *Ga. App.* 33 (166 S. E. 450); *Lowther* v. *Patton*, 45 *Ga. App.* 543 (165 S. E. 487); *Williams* v. *Federal Land Bank*, 44 *Ga. App.* 606 (162 S. E. 408); *Price* v. *Bloodworth*, 55 *Ga. App.* 268 (189 S. E. 925). See also *Swindell* v. *Walker*, 71 *Ga. App.* 603, 606 (31 S. E. 2d, 670). Accordingly, the proffered testimony, which would only show that the defendant was a tenant at sufferance, would have been of no benefit to the complaining party, and constituted no defense on the issue of tenancy or no tenancy, and it was not error for the trial judge to refuse to allow it.

■ Ground 6 of the motion is a general assignment of error wherein the statement is made that the court erred in directing

a verdict without submitting questions of facts and issues to a jury. No argument in respect to this ground or in respect to the general grounds of the motion has been made by counsel for the plaintiff in error, by brief or otherwise, and these grounds will be considered as abandoned.

■ The trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs. in the judgment.*