35938. BIBLE *v.* ALLDAY *et al.*

FELTON, C. J. 1. Where all right, title and interest of an owner of land and premises has been divested by a sale made pursuant to a power of sale in a bond for title to the land and he thereafter remains in possession, he is a tenant at sufferance. *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43); *Lowther* v. *Patton*, 45 *Ga. App.* 543 (165 S. E. 487); *Radcliffe* v. *Jones*, 46 *Ga. App.* 33 (2) (166 S. E. 450); *Swindell* v. *Walker*, 71 *Ga. App.* 603, 606 (31 S. E. 2d 670). This law applies also to a successor in title to the owner who has purchased the land from the owner subject to the bond for title. *Atlantic Life Ins. Co.* v. *Ryals*, 48 *Ga. App.* 793 (2) (173 S. E. 875).

2. A tenant at sufferance is liable for the reasonable rental value of the premises (*Jefferson* v. *Kennedy*, 41 *Ga. App.* 672 (2), 154 S. E. 378) and may be distrained for rent. Code § 61-401.

3. Where the evidence showed that the defendant remained in possession after all his right, title and interest in the land had been divested by a sale under power to the plaintiff and that during such possession the defendant had paid no rent, and showed the reasonable rental value of the premises, the award of a nonsuit was error.

4. The motion to dismiss the writ of error because the defendant in error's counsel was not served with a copy of the bill of exceptions after certification thereof by the trial judge is without merit. Prior to the certification counsel for the defendant in error acknowledged service of the bill of exceptions as follows: "Due and legal service of the within bill of exceptions is hereby acknowledged, copy received, and all other and further service is waived." Such acknowledgment and waiver were sufficient and this court has jurisdiction of the case. *Bush* v. *Smith*, 77 *Ga. App.* 329 (48 S. E. 2d 582). The motion to dismiss is denied.

The court erred in awarding a nonsuit.

*Judgment reversed. Quillian and Nichols, JJ., concur.*

DECIDED JANUARY 24, 1956.

232

*Sanders, Thurmond & Hester,* for plaintiff in error.
*Isaac S. Peebles, Jr., Archie L. Gleason,* contra.

DECIDED JANUARY 24, 1956.