45245. WALKER v. CAMP et al.

DEEN, Judge. 1. Camp, defendant in this dispossessory warrant proceeding, was the purchaser of property from Mrs. Fife to whom he executed a deed to secure debt for the unpaid balance. The security deed contained a power of sale and recited that in the event the grantor continued to reside therein after conclusion of any sale under power in a foreclosure proceeding his status would be that of a tenant at sufferance. Camp failed to pay several instalments on the secured debt and Mrs. Fife foreclosed. On the day before the sale Camp executed a warranty deed to Bagwell, the purpose of which was to allow the latter to borrow money from the Bank of Forsyth County and redeem the property. The bank president with whom Bagwell had consulted in this regard was the same person who, as attorney, represented Mrs. Fife at the foreclosure sale. At the time Bagwell was looking for this official to close the loan the latter was, in his capacity of attorney for Mrs. Fife, actually engaged in selling the property. Faced with a *fait accompli,* Bagwell made no further effort to redeem the property and made no claim to ownership. The plaintiff Walker bought the property at the sale in good faith for value and three months later commenced dispossessory proceedings against Camp. Fife and Bagwell were brought in as third-party defendants, the jury returned a verdict in favor of Camp, and Walker appeals.

2. "Where all right, title and interest of an owner of land and premises has been divested by a sale made pursuant to a power of sale in a bond for title to the land and he thereafter remains in possession, he is a tenant at sufferance. *Anderson v. Watkins,* 42 Ga. App. 319 (156 SE 43); *Lowther v. Patton,* 45 Ga. App. 543 (165 SE 487); *Radcliffe v. Jones,* 46 Ga. App. 33 (2) (166 SE 450); *Swindell v. Walker,* 71 Ga. App. 603, 606 (31 SE2d 670)." *Bible v. Allday,* 93 Ga. App. 231 (1) (91 SE2d 306).

3. The defendant admits that no tender of arrearage was made to the security-deed grantee by himself, Bagwell, on any person on behalf of either, but contends that the evidence is sufficient to show that an offer to tender was made and refused, which would have been the equivalent of payment (*Blount v. Lynch,* 24 Ga. App. 217 (100 SE 644)), and would have satisfied the legal requirement. *Anderson v. Barron,* 208 Ga. 785 (69 SE2d 874). Following such an argument to its logical conclusion, if successful, there would be an inferential adjudication that Camp had in fact redeemed his property by arrangements for payment acquiesced in by the attorney for the plaintiff in foreclosure, and if this were true it would necessarily follow that the foreclosure itself was void and that the purchaser Walker had no title to the property. He does in fact, however, have a warranty deed valid on its face, and Camp's contention that he is a tenant of Bagwell rather than Walker cannot stand (a) in the face of Bagwell's disclaimer of ownership and (b) Camp's failure to even seek to have an adjudication setting aside the foreclosure sale and subsequent deed from Fife to Walker. Under these circumstances Walker is the owner of the property until and unless the foreclosure sale is set aside or the deed is void for some other reason. Since he is the owner, Camp is his tenant at sufferance. "A tenant can not dispute the title of his landlord. . . This principle is applicable in a dispossessory proceeding by the grantee in a security deed against the grantor or his heirs or assigns in possession, after the property has been sold under the deed and purchased by the grantee." *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (186 SE 197). The issue made by the filing of a counter-affidavit to a dispossessory warrant is tenancy or no tenancy, and the question of the plaintiff's title is not involved. *Hamilton v. Darden,* 58 Ga. App. 409 (1) (198 SE 805). The defendant accordingly failed to present any issuable defense to the dispossessory action, and the judgment in his favor is not supported by the evidence.

4. An order denying summary judgment is not subject to review absent a certificate of review. *John L. Hutcheson Memorial Tri-County Hospital v. Oliver,* 120 Ga. App. 547 (171 SE2d 649).

5. For the reasons stated in the third division of this opinion

it was error to deny the plaintiff's motion for a directed verdict. *Code Ann.* § 6-702 (b).

*Judgment reversed and remanded with direction to enter up judgment for the plaintiff. Hall, P. J., and Evans, J., concur.*

SUBMITTED APRIL 13, 1970—DECIDED MAY 20, 1970.

*Paul A. Martin,* for appellant.
*Bert N. Garstin,* for appellees.