### 62271. REMY v. CITICORP PERSON-TO-PERSON FINANCIAL CENTER, INC.

CARLEY, Judge.

In June of 1979 appellee, Citicorp Person-To-Person Financial Center, Inc., made a loan to Jorge David Remy and Henry Remy. This loan was evidenced by a promissory note and was secured by a second deed to secure debt on certain real property located in Gwinnett County, Georgia. Upon default in the payment of installments due under the note, appellee accelerated the entire indebtedness and,

pursuant to the power of sale contained in its deed to secure debt, foreclosed on the property. At the foreclosure sale, appellee bid in the property subject to the rights of the holder of the first deed to secure debt and a deed under power of sale was executed conveying to appellee title to the property.

Thereafter, appellee commenced this dispossessory action against appellant Nancy Remy and also named as co-defendants Henry Remy and Jorge David Remy. At this time, appellant was the wife of Henry Remy and was apparently the sole occupant of the subject property. Neither Henry Remy nor Jorge David Remy responded to appellee's dispossessory affidavit and neither is a party to this appeal. However, appellant did file an answer contending that appellee was not entitled to possession of the premises and denying the existence of any landlord-tenant relationship. The matter proceeded to trial and resulted in a directed verdict in favor of appellee. Appellant appeals from the judgment granting possession of the property to appellee.

On appeal, appellant enumerates as error the trial court's granting of appellee's motion for directed verdict and, conversely, the trial court's denial of her motion for directed verdict. As both enumerations of error relate to the same issues and are governed by the same legal principles they will be considered together. Stated generally, the basic question presented for resolution is whether or not appellee had authority to institute this dispossessory action against appellant.

In Georgia, it is clear that a grantee in a junior security deed can exercise the power of sale contained therein without paying the debt secured by the senior security deed and, after legal advertisement and compliance with other terms of the power of sale, can convey to the purchaser valid title to the property subject only to first deed to secure debt. *Sims v. Etheridge,* 169 Ga. 400 (5) (150 SE 647) (1929). Thus, appellee, as purchaser of the property at the foreclosure sale, acquired valid title to the property subject only to the rights of the holder of the first deed to secure debt. The sale under the power contained in the second deed to secure debt extinguished both the grantors' right of redemption and right of possession. *Uvalda Naval Stores Co. v. Cullen,* 165 Ga. 115, 118 (139 SE 810) (1927).

We must now determine what status appellant maintained in relation to the property after the foreclosure sale. "Where the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy. [Cit.]" *Lanier v. Dyer,* 112 Ga. App. 558 (1) (145 SE2d 621) (1965); accord, *Collins v.*

*Administrators of Veterans Affairs,* 156 Ga. App. 374, 375 (274 SE2d 760) (1980). Applying the foregoing legal principle to the facts in the instant case, appellant was subject to dispossession to the same extent and in the same manner as was Henry Remy, grantor of the second deed to secure debt and the person through whom she claimed the right to possession of the premises. See *Ray v. Holden,* 62 Ga. App. 554 (2) (8 SE2d 703) (1940). Moreover, the second deed to secure debt provided that upon a default and sale under power, the grantor or anyone holding under the grantor shall become a tenant holding over and may be summarily dispossessed. Accordingly, "[a]ppellant became a tenant at sufferance of appellee by the terms of the security deed and operation of law when appellee bid in the property at the foreclosure sale." *McKinney v. South Boston Savings Bank,* 156 Ga. App. 114, 116 (4) (274 SE2d 34) (1980).

It is abundantly apparent that appellee, as the purchaser at the sale under power, was vested with sufficient title to institute dispossessory proceedings under Code Ann. § 61-301 et seq. *McKinney v. South Boston Savings Bank,* supra. It is also equally as clear from the evidence adduced at trial that appellant was a tenant at sufferance and, as such, was subject to being summarily dispossessed. Appellant attempted to attack appellee's title to the premises but such an attack is not permissible in a proceeding for possession under the dispossessory statutes. *Walker v. Camp,* 121 Ga. App. 765, 766 (3) (175 SE2d 53) (1970); *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (2) (186 SE 197) (1936).

There was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded a verdict in favor of appellee. Thus, the trial court did not err for any reason urged on appeal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 28, 1981.

*G. Hughel Harrison,* for appellant.
*John A. Sherrill,* for appellee.