## 66176. BENEFICIAL FINANCE COMPANY v. YOUNG et al.

CARLEY, Judge.

Appellant made a loan to appellees Jiles and Barbara Young. The loan was evidenced by a promissory note and secured by a second deed to secure debt on certain real property. Thereafter, appellees defaulted in the payment of installments due under the note and, upon default, appellant accelerated the entire indebtedness. Pursuant to the power of sale contained in its deed to secure debt, appellant foreclosed on the property. At the foreclosure sale, appellant successfully bid in the property and a deed under power of sale was executed conveying title to appellant.

Demand was made by appellant to appellees to deliver possession. Appellees refused, and appellant commenced the instant dispossessory proceeding. At trial, appellees asserted that appellant's second deed to secure debt on the property was void, as the first deed to secure debt on the property prohibited appellees from encumbering the property without the grantee's written consent. The jury returned a verdict for appellees, and appellant appeals from the denial of its motion for judgment notwithstanding the verdict and the denial of its motion for a new trial.

1. Appellant, as grantee in the second deed to secure debt, clearly had authority to exercise the power of sale contained therein. As purchaser of the property at the foreclosure sale, appellant acquired valid title to the property, subject only to the rights of the holder of the first deed to secure debt. *Remy v. Citicorp &c. Financial Center,* 159 Ga. App. 726, 727 (285 SE2d 76) (1981). Under the terms of the second deed to secure debt, when appellees remained in possession of the premises subsequent to foreclosure, they were tenants at sufferance and were subject to summary dispossession by appellant, the purchaser at the sale.

It is abundantly clear that an attack by appellees upon appellant's title to the premises "is not permissible in a proceeding for possession under the dispossessory statutes." *Remy v. Citicorp &c. Financial Center,* supra at 728; *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (2) (186 SE 197) (1936); *Phelps v. Palmer,* 192 Ga. 421(2) (15 SE2d 503) (1941); *Walker v. Camp,* 121 Ga. App. 765, 766(3) (175 SE2d 53) (1970).

Accordingly, there being no conflict in the evidence as to any material issue, the trial court erred in denying appellant's motion for judgment n.o.v.

2. Remaining enumerations, not otherwise addressed, are moot by reason of the holding in Division 1.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Decided September 7, 1983.

*Douglas N. Campbell, Brian J. O'Shea, Daniel F. Bridgers,* for appellant.
*Harold E. Martin,* for appellees.