66237. PARTIN et al. v. SOUTHERN DISCOUNT COMPANY.

CARLEY, Judge.

Appellants defaulted on the payment of installments which were due under their note to appellee Southern Discount Company. The note was secured by a second deed to secure debt on certain real property. Subsequent to appellant's default on the note, appellee advertised the property for sale pursuant to the power of sale contained in the second security deed. This advertisement did not list the first deed to secure debt. At the foreclosure sale, appellee was the successful bidder and a deed under power of sale was executed conveying title to appellee "subject to the prior indebtedness of owner to [the holder of the first deed to secure debt]." Thereafter, appellee brought the instant dispossessory proceeding against appellants. Appellants answered, attacking appellee's foreclosure sale on the basis that the failure of the advertisement to list the first mortgage had a chilling effect upon that sale. A writ of possession was granted to appellee, and appellants then made a motion to amend that order, or in the alternative, a motion for new trial. Appellants appeal from the denial of these motions.

All five of appellants' enumerations, in effect, attack appellee's title to the property which was acquired through the foreclosure sale. The enumerations of error all assert that appellants' various motions should have been granted because the advertisement of the foreclosure sale did not notify the public that the property would be sold subject to a prior deed to secure debt.

It is clear that a holder of a junior security deed can exercise a power of sale contained therein, and "after legal advertisement and compliance with other terms of the power of sale, can convey to the purchaser valid title to the property subject only to first deed to secure debt. [Cit.]" *Remy v. Citicorp &c. Financial Center,* 159 Ga. App. 726, 727 (285 SE2d 76) (1981). Appellee was entitled to foreclose, and to execute to itself, as purchaser, a deed under power conveying title subject only to the prior loan deed. Appellants, after the foreclosure sale, became tenants at sufferance and subject to being summarily dispossessed by the purchaser at the foreclosure sale. *Lanier v. Dyer,* 112 Ga. App. 558(1) (145 SE2d 621) (1965); *Remy v. Citicorp &c. Financial Center,* supra at 727.

Appellee, as the purchaser at the foreclosure sale, could lawfully institute dispossessory proceedings against appellants. OCGA §

44-7-50 (Code Ann. § 61-301). Appellants may not, in a *proceeding for possession,* assert that the advertisement of the property was invalid, because such an assertion is an attack on appellee's title to the premises. "[S]uch an attack is not permissible in a proceeding for possession under the dispossessory statutes." *Remy v. Citicorp &c. Financial Center,* supra at 728. See also *Walker v. Camp,* 121 Ga. App. 765, 766 (3) (175 SE2d 53) (1970); *Beneficial Finance Co. v. Young,* 167 Ga. App. 743 (307 SE2d 283) (1983). Compare *Sims v. Etheridge,* 169 Ga. 400 (4a) (150 SE 647) (1929) and *Massey v. National Homeowners &c. Corp.,* 225 Ga. 93 (165 SE2d 854) (1969) wherein the method of advertising was attacked not by way of an answer to a dispossessory action, but by separate proceedings. In the instant case, the trial court did not err in entering the writ of possession or in denying appellants' post-writ motions.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*Joe K. Telford,* for appellants.
*Michael E. Neidenbach,* for appellee.