68262. COTTON et al. v. FEDERAL LAND BANK OF COLUMBIA.

SOGNIER, Judge.

This is the second appearance of these parties before this court. See the facts recited in *Cotton v. Fed. Land Bank of Columbia*, 153 Ga. App. 298 (265 SE2d 59) (1980), aff'd 246 Ga. 188 (269 SE2d 422) (1980), where we affirmed the order of the Superior Court of Gwinnett County allowing appellee Federal Land Bank to foreclose on the subject property. The case before us now derives from the trial court's grant of summary judgment to appellee on its dispossessory proceeding.

1. Appellants contend the trial court erred in failing to consider evidence allegedly showing that appellee's title to the subject prop-

erty was void. "Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under [OCGA §§ 44-7-50, 44-7-53]. [Cit.]" *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 115 (2) (274 SE2d 34) (1980). See also OCGA § 44-7-9; *Remy v. Citicorp &c. Center*, 159 Ga. App. 726, 728 (285 SE2d 76) (1981). We find no merit in appellant's argument that they were not tenants. *McKinney,* supra at 116 (4).

2. We find no error in the trial court's refusal to grant a stay of the dispossessory action until appellants' action to set aside the foreclosure judgment was concluded. " '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' [Cits.]" *Bloomfield v. Liggett & Myers*, 230 Ga. 484, 485 (198 SE2d 144) (1973). We find no abuse of the trial court's discretion in refusing to stay the dispossessory proceeding.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 26, 1984.

*Floyd E. Doolittle, Sidney L. Moore, Jr.*, for appellants.
*Jones Webb, Anthony O. L. Powell*, for appellee.