### 70793. RANGER et al. v. FIRST FAMILY MORTGAGE CORPORATION OF FLORIDA.
(337 SE2d 388)

SOGNIER, Judge.

First Family Mortgage Corporation of Florida (First Family) brought this dispossessory action against John and Norma Ranger following the foreclosure sale of the Rangers' house. The trial court directed a verdict in favor of First Family for possession and rent due. The Rangers appeal.

1. In their 11th, 12th, 14th and 15th enumerations, appellants contend error in the trial court's refusal to admit into evidence testimony or documents concerning the alleged improper notice of the underlying foreclosure sale. Appellants sought to introduce this evidence "to attack appellee's title to the premises but such an attack is not permissible in a proceeding for possession under the dispossessory statutes. [Cits.]" *Remy v. Citicorp &c. Fin. Center*, 159 Ga. App. 726, 728 (285 SE2d 76) (1981). Therefore, these enumerations are without merit.

2. Appellants contend the trial court erred by directing the verdict against them because the verdict was contrary to law. Appellants argue that because appellee did not introduce into evidence a recorded deed to secure debt underlying the foreclosure sale, appellants were not tenants at sufferance and appellee was not authorized to institute dispossessory proceedings against them. However, it is uncontroverted that appellee was the mortgagee and had purchased the house at the foreclosure sale. Further, appellee's deed under power, valid on its face and referencing the underlying deed to secure debt, was introduced into evidence. "Under these circumstances [appellee] is the owner of the property until and unless the foreclosure sale is set aside or the deed is void for some other reason. Since [appellee] is the owner, [appellants are its] tenant[s] at sufferance." *Walker v. Camp*, 121 Ga. App. 765, 766 (3) (175 SE2d 53) (1970). Therefore, appellee

was authorized to bring this dispossessory action against appellants. Id.; *McKinney v. South Boston Savings Bank,* 156 Ga. App. 114, 116 (4) (274 SE2d 34) (1980).

3. Appellants contend the trial court erred by directing the verdict against them because questions of fact remain whether appellee made proper demand for possession of the premises. A demand upon the tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant. OCGA § 44-7-50; *Wig Fashions v. A-T-O Properties,* 145 Ga. App. 325, 326 (243 SE2d 526) (1978). It is uncontroverted that prior to instituting the dispossessory proceeding against appellants, appellee sent a letter demanding possession of the house, addressed to both appellants by both certified and regular mail. Appellants argue that although John Ranger admitted receiving the letter, Norma Ranger's denial that she saw the letter raised a question of fact as to the propriety of appellee's demand. We find that appellee's demand was proper under OCGA § 44-7-50; alternately, Norma Ranger's testimony shows that any demand directed to her would have been refused and, thus, demand was not necessary. *Hyman v. Leathers,* 168 Ga. App. 112, 115 (308 SE2d 388) (1983). Therefore, we find no merit in this enumeration. See *Hyman,* supra at 115.

4. Appellants' contention that the trial court erred by directing the verdict against them because appellee failed to prove proper verification and service of the dispossessory warrant is not supported by the record. Further, the trial court's refusal to admit into evidence the service copy of the dispossessory where the record reflects that service was properly made did not constitute error.

5. Finally, appellants enumerate various errors in the trial court's denial of certain procedural motions. There was no error in the trial court's denial of appellants' motion to transfer the case to the superior court. Contrary to appellants' argument, the record reveals that appellee's response to appellants' motion was timely, Uniform Transfer Rules, 251 Ga. 893, 894 (T-8) (1984), OCGA § 9-11-6 (e), and jurisdiction in the state court was appropriate. OCGA § 44-7-50. Nor do we find any merit in appellants' contention that the trial court erred by refusing to abate the dispossessory since appellants' independent action in the superior court attacking the foreclosure was filed subsequent to the dispossessory action. See OCGA § 9-2-44 (a); *Jackson v. Schulman,* 142 Ga. App. 625 (237 SE2d 4) (1977). The record reveals that appellants' motion in limine seeking to exclude evidence of appellee's demand for possession because of appellants' pending bankruptcy was properly denied on the basis of the bankruptcy court's order lifting the automatic stay to permit appellee to proceed with this dispossessory action.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

Decided October 22, 1985 —
Rehearing denied November 5, 1985 —

*Robert T. Efurd, Jr.,* for appellants.
*Carol V. Clark,* for appellee.