## A91A0111. ROBERTS v. COLLINS.
### (405 SE2d 508)

McMurray, Presiding Judge.

Lois T. Collins (plaintiff) filed a dispossessory action against Virginia B. Roberts (defendant) and Bobby Roberts, alleging that defendant and Bobby Roberts are tenants at sufferance at 702 Tahoe Circle ("the premises"). A default judgment was entered against Bobby Roberts because he failed to answer the dispossessory complaint. However, defendant answered and denied that she is a tenant at sufferance and alleged that plaintiff obtained title to the premises through "fraudulent conduct creating the deeds to secure debt that were the basis of a foreclosure action by plaintiff and [that said] foreclosure . . . is fraudulent." The case was tried before the trial court, without a jury, and the trial court awarded plaintiff a writ of possession. Defendant appeals. Held:

1. Plaintiff's motion to dismiss defendant's appeal and motion for imposition of sanctions are hereby denied.

2. Defendant first contends the trial court erred in granting plaintiff's motion in limine, excluding evidence of the alleged fraudulent manner in which plaintiff procured title to the premises. This contention is without merit.

" 'Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under (OCGA §§ 44-7-50, 44-7-53). (Cit.)' McKinney v. South Boston Savings Bank, 156 Ga. App. 114, 115 (2) (274 SE2d 34) (1980). See also OCGA § 44-7-9; Remy v. Citicorp &c. Center, 159 Ga. App. 726, 728 (285 SE2d 76) (1981)." Cotton v. Fed. Land Bank &c., 171 Ga. App. 360 (1), 361 (320 SE2d 235). The trial court did not err in granting plaintiff's motion in limine.

3. Defendant next contends the trial court erred in failing to continue the dispossessory action until defendant's action to set aside the foreclosure judgment was concluded in superior court.

" ' "(T)he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (Cits.)' Bloomfield v. Liggett & Myers, 230 Ga. 484, 485 (198 SE2d 144) (1973)." Cotton v. Fed. Land Bank &c., 171 Ga. App. 360,

361 (2), supra. In the case sub judice, we find no abuse of the trial court's discretion in denying defendant's motion to continue the dispossessory action.

4. In her final enumeration, defendant contends the trial court erred "in ruling that [plaintiff] had met her burden and issuing a writ of possession."

Plaintiff proved that she was granted a second security deed to the premises and that the second security deed was subordinate to a first deed to secure debt. Plaintiff also proved that defendant's interest in the premises was foreclosed by virtue of the power of sale contained in the second security deed; that she purchased the premises at the foreclosure sale and that she subsequently purchased the premises at a foreclosure sale conducted pursuant to the power of sale contained in the first deed to secure debt. This evidence was sufficient to authorize a finding that defendant became a tenant at sufferance by operation of law and that plaintiff had "the right to bring dispossessory proceedings under Code Ann. § 61-301 et seq. [now OCGA § 44-7-50 et seq.] *Redwine v. Frizzell*, [184 Ga. 230, 235 (7) (190 SE 789)], and see *Uvalda Naval Stores v. Cullen*, 165 Ga. 115 (139 SE 810)." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 116 (4), supra. Nonetheless, defendant argues that the "foreclosure sale" should be set aside because of plaintiff's alleged fraudulent acts and that plaintiff "acquired title some two months after filing the dispossessory [and that she therefore] should have [been required] to refile the action if she intends to proceed under the second deed under power of sale." These arguments are without merit.

An attack on plaintiff's title to the premises is not permissible in a proceeding for possession under the dispossessory statutes. *Ranger v. First Family Mtg. Corp. &c.*, 176 Ga. App. 715 (1) (337 SE2d 388). Further, although plaintiff's title to the premises was subject to the first deed to secure debt at the time she filed the case sub judice, she then had no less authority to remove plaintiff from the premises as a tenant at sufferance. *Partin v. Southern Discount Co.*, 167 Ga. App. 798 (307 SE2d 697).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED APRIL 30, 1991.

*Harold A. Miller III*, for appellant.
*Lynch & Powell, Gene E. Massafra*, for appellee.