A96A0794. POOR v. LEADER FEDERAL BANK FOR SAVINGS.
(473 SE2d 563)

SMITH, Judge.

Jody Poor appeals the trial court's grant of a writ of possession to Leader Federal Bank.

1. Poor enumerates as error the trial court's failure to enter findings of fact and conclusions of law. She did not, however, request entry of findings and conclusions below. Consequently, such entry was not required. OCGA § 9-11-52 (a). *Middlebrooks v. Fleet Finance,* 217 Ga. App. 263 (2) (456 SE2d 627) (1995). Poor relies on an earlier decision in which we remanded a case for entry of findings of fact and conclusions of law because the record did not affirmatively show that findings and conclusions were waived. *Fry v. J. I. Kislak Mtg. Corp.,* 167 Ga. App. 775 (307 SE2d 302) (1983). That case, though, was decided under OCGA § 9-11-52 (a) before its extensive amendment in 1987. Under the former statute, entry of findings and conclusions was required, unless waived by the parties. See Ga. L. 1987, pp. 1057-1058, § 1. Under the amended statute, however, entry of findings and conclusions is mandatory only upon request by a party. Id.

We reject Poor's contention that findings of fact and conclusions

of law were required under OCGA § 44-7-56, the section providing for appeals in dispossessory proceedings. Under that section, "after the notice of appeal is filed with the clerk of the trial court, the clerk shall immediately notify the trial judge of the notice of appeal and the trial judge *may*, within 15 days, supplement the record with findings of fact and conclusions of law." (Emphasis supplied.) This section makes entry of findings of fact and conclusions of law permissive, not mandatory. We agree with Poor that the record does not indicate whether the required notice was given by the clerk of court to the trial judge that a notice of appeal had been filed. Assuming that the notice was not sent, however, we find no harm to Poor; the requirement that notice be sent from the clerk to the trial judge does not impose a burden on the trial judge to enter findings and conclusions in the absence of a request by one of the parties.

2. Poor also contends the trial court erroneously granted the writ of possession, maintaining that she did not receive proper notice of the prior foreclosure sale as required by the security deed. We find no merit in this contention. Poor has pointed to no evidence supporting her claim, and we find none in the record. Moreover, her attack on the basis of the improper foreclosure is one on the landlord's title, an attack that is not permissible in a dispossessory proceeding. *Bridges v. City of Moultrie*, 210 Ga. App. 697, 698 (1) (437 SE2d 368) (1993); *Partin v. Southern Discount Co.*, 167 Ga. App. 798, 799 (307 SE2d 697) (1983).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 26, 1996.

*Macklyn A. Smith*, for appellant.
*Morris, Schneider & Prior, Susanne O. Torres*, for appellee.